IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 360HEROS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>GOPRO, INC.,<br><br>        Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff 360Heros, Inc. ("360Heros") for its Complaint against Defendant GoPro, Inc. ("GoPro") states as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

## THE PARTIES

2.    360Heros is a Delaware corporation with its principal place of business at 518 Queen Street, Olean, New York 14760.

3.    GoPro is a Delaware corporation with its principal place of business at 3000 Clearview Way, San Mateo, California 94402.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over GoPro because GoPro is a Delaware corporation and has a designated agent for service of process in Delaware. Further, GoPro has

systematic and continuous contacts with Delaware and this judicial district and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Delaware.

6. Furthermore, this Court has personal jurisdiction over GoPro because, as described further below, GoPro has committed acts of patent infringement giving rise to this action within the State of Delaware and has thus established minimum contacts such that the exercise of personal jurisdiction over GoPro does not offend traditional notions of fair play and substantial justice.

7. Being a Delaware corporation, GoPro resides in this judicial district. Thus, venue is proper in this judicial district under 28 U.S.C. §1400(a).

## THE PATENT-IN-SUIT

8. On October 6, 2015, U.S. Patent Number 9,152,019 ("the '019 Patent"), entitled "360 Degree Camera Mount and Related Photographic and Video System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '019 Patent is attached as Exhibit 1 to this Complaint.

9. Prior to the claimed invention, 360-degree still photographs or moving video could only be obtained using sophisticated and expensive equipment. As the Background Art section of the '019 Patent states, "There is an ongoing and pervasive need to provide a more versatile and user-friendly system that adaptively retains a plurality of conventional photographic cameras in order to permit 360 (spherical or cubical) degree still photographs or moving videos to be obtained." Ex. 1 at 1:38-43.

10. The innovations disclosed in the '019 Patent provide an apparatus and associated systems and methods for releasably retaining a plurality of cameras in predetermined orientations to allow for capturing of 360-degree composite images or 360 degree by 180 degree full

spherical images. By providing an assembly that releasably retains cameras in necessary positions rather than fixing them into an assembly, a user can easily remove and replace cameras as needed for troubleshooting and service. Ex. 1 at 2:38-58.

11. As of the time the '019 Patent issued, Mr. Kintner had founded 360Heros, which practiced the '019 Patent by offering to sell "360 Video Rigs" for capturing 360-degree or 360 degree by 180 degree full spherical video.

12. 360Heros continues to sell 360 Video Rigs practicing the invention of the '019 Patent, including *inter alia* the 360 Plug-n-Play® Pro Series, the 360Helios system, the 360Abyss® system, and other devices.

13. 360Heros is the assignee and owner of all rights, title, and interests in the '019 Patent, including the right to assert all causes of action arising under the '019 Patent and the right to any remedies for infringement of the '019 Patent.

## THE ACCUSED OMNI PRODUCT

14. GoPro sells, throughout the United States via its website, the Omni, a device for capturing virtual reality content that holds six cameras in particular orientations to capture full spherical video images. *See, e.g.,* https://shop.gopro.com/virtualreality/omni---all-inclusive/MHDHX-006.html.

15. The GoPro website provides the following picture of the Omni device:



*See, e.g.,* https://shop.gopro.com/virtualreality/omni---all-inclusive/MHDHX-006.html.

16. The Omni is a holding assembly configured to retain six cameras in a predetermined orientation to capture full 360-degree spherical images. The Omni website advertises that "Omni makes it easy to capture and create the highest-quality 360° videos." *Id.*

17. The Omni includes a support body with protruding structural elements acting as support arms extending outwardly and radially from the support body, on which cameras are mounted.

18. Each of the Omni's receptacles on which cameras are mounted contains at least one latching feature for enabling a photographic camera to be releasably retained within the defined enclosure; for example, the HeroPort connectors on the Omni to which a user would attach cameras by itself provides sufficient support to hold a camera in place while allowing the user to easily remove and replace a camera for troubleshooting purposes.

19. Attached to each of the Omni's support arms is a receptacle for holding a camera in a predetermined orientation. The six receptacles position the six cameras so that each retained camera provides an overlapping field of view, and so the images from the cameras can be combined into a 360 degree composite image or a 360 degree by 180 degree full spherical composite image.

4

## COUNT I – INFRINGEMENT OF THE '019 PATENT

20. 360Heros realleges the allegations set forth in the foregoing paragraphs 1 through 19 as though fully set forth herein.

21. The '019 Patent is valid and enforceable.

22. In violation of 35 U.S.C. § 271(a) and/or 35 U.S.C. § 271(g), Defendant has directly infringed, and continues to directly infringe, at least claims 1, 2, 4, 8, 15, 16, 18-20, 22, 23, 25, 30-34, and 37 of the '019 Patent, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, or selling the Omni devices, which read on at least the apparatuses taught by independent claims 1 and 30 and dependent claims 2, 4, 8, 31-34, and 37, the system taught by independent claim 22 and dependent claims 23 and 25, and the method of manufacture taught by independent claim 15 and dependent claims 16 and 18-20 of the '019 Patent.

23. 360Heros has given Defendant notice of its infringement at least by filing, on March 10, 2017, a motion for leave to file amended infringement contentions asserting infringement of the '019 Patent by the Omni in *GoPro, Inc. v. 360Heros, Inc.*, No. 3:16-cv-1944, Dkt. No. 42 (N.D. Cal.).

24. 360Heros has given Defendant further notice of its infringement at least by virtue of service or acknowledged delivery of this complaint.

25. 360Heros has been and continues to be damaged by Defendant's infringement of the '019 Patent.

## JURY DEMAND

26. Plaintiff 360Heros, Inc. hereby requests a trial by jury of any and all issues triable of right before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff 360Heros, Inc. respectfully requests that the Court find in its favor and against Defendant GoPro, Inc., and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant has infringed the '019 Patent;

B. a finding that Defendant's infringement has been willful;

C. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '019 Patent, and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. an award of treble damages;

E. a finding that this case is "exceptional" under 35 U.S.C. § 285 and awarding Plaintiff its expenses and attorneys' fees incurred in bringing and prosecuting this action; and

F. an award to Plaintiff of such further relief at law or in equity as the Court deems just and proper, including, but not limited to costs, fees, expenses, and/or interest.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| William Cory Spence<br>Brian J. Beck<br>SpencePC<br>405 N. Wabash Ave., Suite P2E<br>Chicago, Illinois 60611<br>312-404-8882<br>william.spence@spencepc.com<br>brian.beck@spencepc.com | */s/ Ryan P. Newell*<br>Arthur G. Connolly, III (#2667)<br>Ryan P. Newell (#4744)<br>Mary I. Akhimien (#5448)<br>CONNOLLY GALLAGHER LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801<br>(302) 757-7300<br>aconnolly@connollygallagher.com<br>rnewell@connollygallagher.com<br>makhimien@connollygallagher.com |
| Dated: September 13, 2017 | |
| | *Attorneys for Plaintiff*<br>*360Heros, Inc.* |