IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 360HEROS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-1302-LPS-CJB |
| GOPRO, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Christopher J. Burke issued a Memorandum Order (D.I. 61) ("Order"), dated July 24, 2018, denying Defendant GoPro, Inc.'s ("GoPro" or "Defendant") motion to transfer (D.I. 28);

WHEREAS, Defendant filed timely objections to the Order on August 7, 2018 (D.I. 65) ("Objections");

WHEREAS, 360Heros, Inc. ("360Heros" or "Plaintiff") responded to the Objections on August 21, 2018 (D.I. 69);

WHEREAS, the Court has considered the motion and order *de novo*, although a motion to transfer venue is non-dispositive and subject to a "clearly erroneous" or "contrary to law" standard of review, *see In re Heckmann*, 2011 WL 1219230, at *1;[1]

---

[1] The parties dispute which standard applies when reviewing a magistrate judge's order concerning a motion to transfer venue, and courts are likewise split. *Compare, e.g., Consolidation Coal Co. v. Marion Docks, Inc.*, 2009 WL 2031774, at *2 n.1 (W.D. Pa. July 10, 2009) (applying "clear error" or "contrary to law" standard) *with Oak St. Printery, LLC v. Fujifilm N. Am. Corp.*, 895 F.Supp.2d 613, 617 (M.D. Pa. Sept.17, 2012) (applying *de novo* standard); *see also Meritage Homes Corp. v. JP Morgan Chase Bank, N.A.*, 474 B.R. 526, 538-39 (Bankr. S.D. Ohio June 26, 2012) (discussing split in authority). While the undersigned

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant's Objections (D.I. 65) are **OVERRULED**.

2. Magistrate Judge Burke's Order (D.I. 61) is **ADOPTED**.

3. Defendant presents three issues in its Objections, each concerning how Magistrate Judge Burke weighed the *Jumara* factors. None warrant granting Defendant's motion to transfer.

    a. Defendant argues that Plaintiff's alleged forum shopping[2] weighs strongly in favor of transfer. (D.I. 65 at 4) As evidence of forum shopping, Defendant cites three adverse developments followed by near-simultaneous action on the part of Plaintiff: (1) in April 2017, the U.S. District Court for the Northern District of California ("California Court") denied Plaintiff leave to amend its infringement contention to include the Omni rig, after which Plaintiff began considering a Delaware suit over the Omni rig; (2) in September 2017, Defendant informed Plaintiff that Plaintiff lacked standing to assert the '019 Patent, and, a few days later, Plaintiff filed suit in Delaware over the Omni rig; and (3) in November 2017, the California Court granted summary judgment in favor of Defendant on the basis of standing, while also expressing skepticism toward Plaintiff's infringement claims, after which Plaintiff moved to amend its Delaware complaint to include the Abyss and Odyssey rigs that had been the subject of the California suit.

---

Judge has held that the applicable standard on a motion to transfer venue based on convenience is clear error, *see In re Heckmann Corp. Securities Litig.,* 2011 WL 1219230, at *1 (D. Del. Mar. 31, 2011), Defendant's objections fail even under the more stringent *de novo* standard, which the Court will (for the sake of argument) apply here.

[2] Forum shopping is "a situation in which a party seeks to litigate in one district court, because it is 'shopping' for a favorable ruling and has indication that such a ruling would not be forthcoming in an alternative venue." *TSMC Tech. Inc. v. Zond, LLC,* 2014 WL 7251188, at *10 (D. Del. Dec. 19, 2014).

2

The Court is not persuaded that each of the allegedly adverse developments shows that Plaintiff was undertaking forum shopping. Plaintiff tried and failed to include the Omni rig in the California action, indicating that Plaintiff did not initially intend to use the Omni rig as a means to forum shop. Plaintiff subsequently filed the Delaware action over the Omni rig alone – as was within its right and for seemingly legitimate reasons (D.I. 61 at 8) – two months before the California Court's standing decision as to the Abyss and Odyssey rigs. Plaintiff could not have known that, two months later, the California Court would dismiss its case for lack of standing and question in dicta the merits of Plaintiff's infringement claims. Once the California Court dismissed the action before it, judicial economy warranted incorporating the infringement allegations against the Abyss and Odyssey rigs into the already-existing Delaware action.[3] Thus, Judge Burke properly concluded that "because (1) there are a number of clear, legitimate reasons why Plaintiff chose this forum for suit, and (2) the Court cannot firmly conclude that Plaintiff has engaged in forum shopping here, then (3) this factor weighs against transfer." (D.I. 61 at 11)

    b.  Defendant argues that although Judge Burke considered Delaware public policy, he failed to account for California's public policy interest "in ensuring that its rulings are not circumvented." (D.I. 65 at 9) But Defendant fails to explain how any of the California Court's rulings are being circumvented.[4] Further, Judge Burke assigned this factor "minimal

---

[3] Notably, the California action was brought by GoPro, the Defendant here. That GoPro chose the Northern District of California as its preferred forum (for seeking a declaratory judgment of non-infringement) says nothing about whether that District was also 360Heroes' (original) preferred forum. (*See* D.I. 69 at 9) ("360Heroes, though it would have preferred to litigate the California Action in Delaware, had no legal basis to challenge venue.")

[4] Defendant alleges that Plaintiff, while stipulating to the California Court's claim construction, is attempting to broaden its infringement contentions in the Delaware action. (D.I. 65 at 8 n.8) (citing D.I. 55 at 2) This is an unpersuasive basis for arguing that denying transfer is undermining California public policy. Both parties have adopted the California Court's claim construction here. (D.I. 74 at 1; D.I. 76 at 3) Whether a certain feature meets that claim limitation is a question of fact, not law. *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351,

3

weight." (D.I. 61 at 20) Even assuming *arguendo* that this factor slightly favors transfer, it does not (in combination with the other factors) overcome the factors weighing against transfer.

        c.        Defendant argues that Judge Burke erred in concluding that the convenience of the parties weighs slightly against transfer, but Defendant does not provide any specific contentions as to how Judge Burke erred. Instead of addressing any of the factors considered – (1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees; and (3) the relative ability of each party to bear the costs (D.I. 61 at 13) – Defendant reasons that because the previous case has been substantially litigated in California, it would be much more convenient to continue litigation there. (D.I. 65 at 10) The California Court may be familiar with the case, but the California action had not progressed so far that there is a convincing efficiency argument. Further, while Defendant rightly argues that it would be less burdensome for Defendant to litigate the case in California, Defendant does not address the increased burden to Plaintiff or how the two burdens compare. (D.I. 65 at 10) Taking all of these concerns into consideration, the Court agrees with Judge Burke that this factor weighs slightly against transfer, or is at best (for GoPro) neutral.

---

1355 (Fed. Cir. 2000). The Court does not view Plaintiff's attempts at reading certain features as being covered by the California Court's construction as an attempt to circumvent those constructions.

4

4. Upon reviewing the parties' briefing and the record, the Court agrees that the *Jumara* factors weigh against transfer[5] for the reasons stated in the Order. Therefore, the Order will be adopted.

September 12, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[5] *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.") (internal quotation marks omitted).