**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| 360HEROS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-1302-LPS-CJB |
| GOPRO, INC., | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In this action filed by Plaintiff 360Heros, Inc. ("Plaintiff") against Defendant GoPro, Inc. ("Defendant"), presently before the Court is the matter of claim construction. The Court recommends that the District Court adopt the constructions as set forth below.

**I.  BACKGROUND AND STANDARD OF REVIEW**

The Court hereby incorporates by reference the summary of the background of this matter set out in its October 4, 2019 Report and Recommendation ("October 4 R&R"). (D.I. 138 at 1-2) It additionally incorporates by reference the legal principles regarding claim construction set out in the October 4 R&R. (*Id.* at 2-4)

**II.  DISCUSSION**

The parties had claim construction disputes regarding seven terms or sets of terms (hereinafter, "terms"). The Court addressed three of these terms in the October 4 R&R and addressed two more in a Report and Recommendation issued on October 25, 2019. (D.I. 139) The remaining two terms are addressed below.

**A.  "within" or "in" "a common spherical plane"**

The next disputed term, "within" or "in" "a common spherical plane", is found in claims 8, 20 and 31-33 of the asserted patent. Claim 8 reads as follows:

> **8**. A holding assembly as recited in claim **1**, including a plurality of camera receptacles disposed *within a common spherical plane* and at least one camera receptacle disposed above or below the common spherical plane.

('019 patent, col. 22:58-61 (emphasis added))  Further, claim 20 is for "[a] method as recited in claim **15**, including the step of supporting a plurality of photographic cameras *within a common spherical plane*." (*Id*., col. 23:43-45 (emphasis added))  Claim 31 is dependent on claim 30, and adds the limitation that, with regard to the claimed holding fixture, the "plurality of receptacles are disposed *in a common spherical plane*." (*Id*., col. 24:41-43 (emphasis added))  Claims 32 and 33 further limit the holding fixture in claim 31 by providing that certain receptacles are disposed in certain ways relative to the "common spherical plane." (*Id*., col. 24:44-46, 47-49)

The parties' proposed constructions are as follows:

| Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "within" or "in" "a common spherical plane" | "[o]n a common plane bounded by a great circle of a sphere" | The term is invalid due to indefiniteness. |

(D.I. 74 at 18; D.I. 76 at 15)  As Defendant contends that the term is indefinite, the Court first sets out the law as to definiteness and then will discuss the merits thereafter.

Section 112 of the Patent Act requires that a patent claim "particularly point[] out and distinctly claim[] the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112(b).  If it does not, the claim is indefinite and therefore invalid. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 902 (2014).  The primary purpose of the definiteness requirement is to ensure that patent claims are written in such a way that they give notice to the public of what is claimed, thus enabling interested members of the public (e.g., competitors of the patent owner) to determine whether they infringe. *All Dental Prodx, LLC v.*

2

*Advantage Dental Prods., Inc.*, 309 F.3d 774, 779-80 (Fed. Cir. 2002). Even so, "absolute precision is unattainable" and not required. *Nautilus*, 572 U.S. at 910. In the end, "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Id.* at 901. Definiteness is to be evaluated from the perspective of a person of skill in the art at the time the patent was filed. *Id.* at 908.[1]

The Court now turns to the merits. In doing so, it notes that the patent unfortunately never uses the term "common spherical plane" in the specification. Instead the term is found only in the claims.

The patent does, however, frequently use the term "common plane" (sometimes referred to as "common [] horizonal [] plane") a number of times, both in the claims and the specification. For example, claim 4 claims the holding assembly of claims 1 and 2, "wherein at least some of said camera receptacles are oriented about *a common plane*." ('019 patent, col. 22:48-50 (emphasis added); *see also id*., col. 2:15-18 (the specification noting that in an embodiment of the invention, a "plurality of camera receptacles can be disposed along the common plane as well as above and/or below the defined plane"); *id*., cols. 7:24-27, 8:55-57; 10:3-8, 10:53-55, 11:15-21, 12:6-12, 13:58-63, 16:4-11, 16:62-66)) The parties all agree on what a "common plane" or "common horizontal plane" is: "a horizontal plane[,]" (D.I. 74 at 18-19), i.e., a plane parallel to the horizon. (*Id.*; *see also* Tr. at 111) And because "common

---

[1] Like claim construction, definiteness is a question of law for the court. *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1332 (Fed. Cir. 2014). The United States Court of Appeals for the Federal Circuit has stated that "[a]ny fact critical to a holding on indefiniteness . . . must be proven by the challenger by clear and convincing evidence." *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003); *see also Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338 (Fed. Cir. 2008).

spherical plane" and "common plane" are both used in the claims, it is clear that the former must have a meaning that is at least slightly different from that of the latter. *See Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 781 (Fed. Cir. 2010) ("[W]e construe claims with an eye toward giving effect to all of their terms[.]"); *see also* (D.I. 74 at 19; Tr. at 119).

Plaintiff's proposed construction ("on a common plane bounded by a great circle of a sphere") is meant to get to that "something different." In support of the proposed construction, Plaintiff points to Figures 3(a) to 3(d). Figure 3(a) is depicted below, for reference:



('019 patent, FIG. 3(a)) Plaintiff notes that the specification describes Figures 3(a) to 3(d) as depicting "five (5) of the camera receptacles **324** extend[ing] along a common (horizontal) plane *in a substantially circular or circumferential manner*[,]" ('019 patent, col. 10:53-55 (emphasis added)), such that the "camera receptacles **324** are *maintained at an identical radial distance from the center of the holding assembly* **300**, thereby enabling a composite *spherical* field of

view for a plurality of cameras **380**[,]" (*id.*, col 10:61-65 (emphasis added)).  Plaintiff then explains that this description of a "common spherical plane" is "equivalent" to its proposed construction.  (D.I. 76 at 17; D.I. 85 at 16-17)  Importantly, Plaintiff also cites to the declaration of its expert, Randall King, who avers that a person of ordinary skill in the art would understand the claim term to bear the meaning of Plaintiff's construction, and would understand that "the most straightforward way to create these images [generated by the cameras in the receptacles at issue] is for the camera lenses to all be on a common spherical surface looking outward, so that the lenses are all the same distance from the center of the common sphere."  (D.I. 77 at ¶ 53)

       The Court thinks it understands what Plaintiff's proposed construction is meant to convey:  that the camera receptacles at issue are "within" or "in" "a common spherical plane" if "they're on a common plane arranged in a circle" or "on a common plane in a circular arrangement."  (Tr. at 112-13, 115-16; D.I. 85 at 18 (explaining that its construction requires, as is depicted in Figures 3(a) to 3(d), "the receptacles [being] arranged on a common plane in a circle, with the center of the circle also being the center of the spherical field of view"))  That type of phraseology seems to match what is depicted in Figures 3(a) to 3(d) and is a little easier to understand than Plaintiff's actual proposed construction (which uses "great circle of a sphere," which is a confusing term).  And in a situation like this, where the Plaintiff has provided expert testimony to the effect that skilled artisans would understand the term in question to have the meaning that Plaintiff suggests—while Defendant attempts to counter that assertion simply with attorney argument (and no competing expert testimony)—the Court would be hard pressed to conclude that Defendant has met its clear and convincing evidence burden to show indefiniteness.  *See SunPower Corp. v. PanelClaw, Inc.*, C.A. No. 12-1633-MPT, 2016 WL

4578324, at *6 (D. Del. Aug. 31, 2016); *Research Frontiers, Inc. v. E Ink Corp.*, Civil Action No. 13-1231-LPS, 2016 WL 1169580, at *22 (D. Del. Mar. 24, 2016); (Tr. at 115).

Therefore, the Court recommends construing "within" or "in" "a common spherical plane" as "on a common plane arranged in a circle." And it orders that Defendant will be permitted to re-raise its definiteness challenge at summary judgment, where hopefully there will be a better record as to this issue.

### B. "corrects for refractive effects of surrounding water"

The next term, "corrects for refractive effects of surrounding water" appears in claim 12 and claim 36 of the '019 patent. Claim 12 recites:

> **12.** A holding assembly as recited in claim **11**, wherein the at least one adaptive member includes a transparent dome coupled to the lens barrel of an attached photographic camera and in which the transparent dome *corrects for refractive effects of surrounding water*.

('019 patent, col. 23:4-8 (emphasis added)) And Claim 36 recites:

> **36.** The holding fixture as recited in claim **35**, wherein the at least one adaptive member includes a transparent dome coupled to the lens barrel of an attached photographic camera and in which the transparent dome *corrects for refractive effects of surrounding water*.

(*Id.*, col. 24:57-61 (emphasis added)) The parties' proposed constructions are as follows:

| Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "corrects for refractive effects of surrounding water" | "corrects for image distortion caused by the deflection of light waves in passing between the surrounding water and the camera lens" | No construction necessary. |

(D.I. 74 at 16-17; D.I. 86 at 15)

As to this term, the Court declines to recommend a construction and agrees with Defendant that the term should simply be given its plain and ordinary meaning. The Court is not convinced that the parties have a live dispute as to claim scope here. Indeed, Plaintiff's counsel confirmed during the *Markman* hearing that Plaintiff's proposed construction was merely offered as a way to "define refraction" for lay jurors. (Tr. at 132; *see also id*. at 126-28) In the absence of a clear dispute about the meaning of the claim term, the Court concludes that claim construction is not necessary at this stage. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360-63 (Fed. Cir. 2008); *Guardant Health, Inc. v. Found. Med., Inc.*, Civil Action No. 17-1616-LPS-CJB, 2019 WL 8370808, at *2-3 (D. Del. Sept. 11, 2019) (citing cases), *report and recommendation adopted*, 2020 WL 1329513 (D. Del. Mar. 23, 2020).

## III.   CONCLUSION

For the foregoing reasons, the Court recommends that the District Court adopt the following constructions:

6. "within" or "in" "a common spherical plane" should be construed to mean "on a common plane arranged in a circle"

7. "corrects for refractive effects of surrounding water" should be afforded its plain and ordinary meaning

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: May 22, 2020

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE