

W1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com
**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

October 28, 2020

**BY CM/ECF**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

     Re: *360Heros, Inc. v. GoPro, Inc.,* D. Del. C.A. No. 17-1302-LPS-CJB

Dear Judge Burke:

Plaintiff 360Heros, Inc.'s ("360Heros") motion to re-open fact discovery (D.I. 176) should be denied. It is undisputed that 360Heros failed to seek an extension prior to the September 28, 2020 close of fact discovery deadline.[1] That Plaintiff's counsel did not timely seek an extension is reason enough to deny Plaintiff's motion. Notwithstanding the recent inaction, 360Heros' conduct since filing its patent infringement claims against GoPro in August of 2016 further warrants denial of its motion. 360Heros has had over four years, two lawsuits and two sets of counsel to conduct discovery. Now, in a misguided attempt by new counsel to gain leverage in a meritless case,[2] 360Heros seeks new discovery, including the deposition of GoPro's founder and CEO, Nick Woodman. 360Heros wholly disregards the schedule set by this Court and instead seeks to set a precedent whereby a party can substitute new counsel any time it seeks to restart the discovery clock. None of the reasons 360Heros proffers constitute a valid basis to seek new discovery. GoPro responds below to 360Heros' arguments and asks that the Court deny 360Heros' motion.

   1.  360Heros argues that fact discovery should be re-opened because GoPro "unilaterally" decided not to produce ESI in response to its 2nd Set of Document Requests. This representation is patently false. 360Heros first raised the topic of ESI late in 2018. The parties met and conferred in January 2019, discussing the overbroad nature of 360Heros' ESI requests: 360Heros' proposed search terms had resulted in over 19.5 gigabytes of hits. 360Heros agreed to provide GoPro with narrowed search terms. Having not heard back, in March, ***GoPro*** again invited 360Heros to provide revised terms. 360Heros declined and never raised the topic again until now. These facts highlight the baseless nature of 360Heros' "need" to reopen discovery.

   2.  360Heros argues that GoPro produced over 700 MB of new documents on the eve

---

[1] While Plaintiff asserts that new counsel, Mr. Ramey, took over representation on September 16, Spence PC remained as counsel for another two weeks (D.I. 160). Mr. Ramey delayed and did not even seek to be admitted *pro hac vice* until September 30, *after* fact discovery closed (D.I. 162). There is no basis for either counsel's failure to seek an extension until *after* fact discovery closed.

[2] The California court already issued an advisory opinion that the Abyss and Odyssey rigs, two of the three accused products here do not infringe 360Heros' patent and a PTAB panel instituted an IPR opining that the targeted '019 patent claims were likely to be anticipated or rendered obvious.

of close of fact discovery. As GoPro told 360Heros, this document production consisted of (1) public documents that GoPro's experts will rely upon, or (2) documents cumulative of information produced early in this case, about which 360Heros had ample time to seek discovery, but chose not to.

3. 360Heros argues that GoPro must complete and supplement production of its financials. GoPro already informed 360Heros' new counsel that it planned to supplement its financials as parties routinely do in litigation, and that GoPro expects 360Heros to do the same.

4. 360Heros argues that it is entitled to non-infringement contentions that it could have sought since 2016, but never did. 360Heros provides no reason for failing to seek this discovery earlier. It also disregards the fact that a number of GoPro's non-infringement positions regarding the Abyss and Odyssey rigs were outlined in GoPro's summary judgment motion in the California case.

5. 360Heros argues that it requires more discovery about GoPro's actions after it learned of the '019 patent. Yet, in conferring about 360Heros' already propounded discovery in 2018, GoPro advised 360Heros that GoPro neither obtained an opinion of counsel nor engaged in design-around efforts. 360Heros' attempt to manufacture a dispute that has been long-resolved is a waste of resources.

6. 360Heros argues that it now needs evidence about GoPro's purchase of Kolor, despite 360Heros never having requested such information during depositions of Kolor personnel or at any point during fact discovery. 360Heros should not be permitted to now re-open discovery to seek information about the Kolor acquisition—a topic 360Heros has known about for over four years.

7. 360Heros argues that the parties are required to supplement their discovery responses and documents from the California case. This was not the agreement. Rather, to limit expenses, the parties agreed to "*use* the information served and produced by the parties and third parties in the California case … in this Delaware case" (D.I. 24 at 2). Both parties propounded new discovery here.

8. 360Heros argues that GoPro must provide the factual bases for its reasonable royalty contention. 360Heros has had ample opportunity to seek this discovery, but, again, declined to do so. Indeed, 360Heros' new counsel could have noticed a Rule 30(b)(6) deposition prior to the close of fact discovery had they been diligent about appearing in this case. Instead new counsel stalled entry into the case, and seeks to now use that as an excuse to re-open fact discovery.

9. 360Heros argues that it now "needs" to depose Nick Woodman (GoPro's CEO), Brad Schmidt (a GoPro Creative Director), Alexandre Jenny (already deposed) and Shane Meyers (an individual with alleged knowledge of *copyright* issues in the California case) on willfulness. 360Heros already deposed Mr. Jenny in the California action, and tellingly, at no point during this case did 360Heros ask for depositions of any of these four individuals. The belated "necessity" to depose them, especially Mr. Woodman and Mr. Schmidt, reflects nothing more than a veiled effort to harass GoPro.

For the foregoing reasons, GoPro respectfully asks that the Court deny 360Heros' request to reopen fact discovery.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)

cc: All Counsel of Record – by CM/ECF