## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 360HEROS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 17-1302-MFK-CJB |
| | ) | |
| GOPRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

360Heros, Inc. has sued GoPro, Inc. for infringement of U.S. Patent No. 9,152,019 (the '019 patent), which claims a multi-camera mounting system for taking 360-degree photographs and videos.  Specifically, 360Heros alleges that three of GoPro's products—the Omni rig, the Odyssey rig, and the Abyss rig—infringe the '019 patent both literally and under the doctrine of equivalents.  GoPro moved for summary judgment on these claims and additionally sought the exclusion of certain testimony by two of 360Heros's expert witnesses—Dr. Randall King and Scott Bayley.  Magistrate Judge Christopher J. Burke issued a Report and Recommendation (Report) on the motion, and the parties have objected to the Report.

For the following reasons, the Court overrules the parties' objections with the exception of GoPro's objections concerning the doctrine of equivalents claims regarding the Odyssey and Abyss rigs.  Accordingly, the Court grants summary judgment to GoPro on its infringement claims regarding the Abyss and Odyssey rigs but not its infringement claims regarding the Omni rig.  The Court also affirms Judge Burke's

exclusion of Bayley's and Dr. King's testimony.

## Background

### A.    The '019 patent and accused products

The '019 patent claims "a holding assembly configured to releasably retain a plurality of cameras in a predetermined orientation" to create 360-degree images and videos.  '019 patent at 1:53–55.  The patent includes 37 claims, four of which (1, 15, 22, and 30) are independent claims.  Claims 15 through 21 are method claims; the other claims are apparatus claims.  The named inventor of the patent is 360Heros's founder and Chief Executive Officer, Michael Kintner.

The accused products are three multi-camera rigs that create 360-degree images and videos.  These rigs—the Odyssey, Omni, and Abyss—are depicted in the images below.



| GoPro Odyssey Rig | GoPro Omni Rig | GoPro Abyss Rig |
|---|---|---|

### B.    Procedural posture

360Heros filed this action on September 13, 2017.  The case was originally assigned to Judge Leonard P. Stark and referred to Judge Burke for pre-trial matters.  The case was later reassigned to the undersigned District Judge.  On March 30, 2022, Judge Burke issued his Report concerning GoPro's combined summary judgment/

2

*Daubert* motion.  The parties subsequently filed objections to the Report.  GoPro filed

responses to 360Heros's objections, but 360Heros declined to do the same and instead

stood on its briefing submitted to Judge Burke.

**Discussion**

GoPro's motion is a combined motion for summary judgment and for exclusion of

expert testimony.  The Court addresses each in turn, starting with the motion for

summary judgment.

**A.      Motion for summary judgment**

Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a), the

decision of a magistrate judge on a motion for summary judgment is subject to *de novo*

review.  Summary judgment is appropriate if "the movant shows that there is no genuine

dispute as to any material fact."  Fed. R. Civ. P. 56(a).  There is a genuine issue of

material fact if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288 (3d Cir.

2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In evaluating

the summary judgment motion, courts must view all facts "in the light most favorable to

the non-moving party, with all reasonable inferences drawn in that party's favor."  *Id.*

(citation omitted).

An accused product can infringe a patent either literally or under the doctrine of

equivalents.  *DePuy Spince, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005,

1013 (Fed. Cir. 2006).  360Heros contends that the accused products infringe under

both standards.  GoPro seeks summary judgment on all claims.

### 1.    Literal infringement

To prove literal infringement, the patent owner must show that "every limitation recited in the claim is found in the accused device*." Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1341 (Fed. Cir. 2016).  "If even one limitation is missing or not met as claimed, there is no literal infringement."  *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998).

GoPro contends that summary judgment is warranted because the accused products do not possess three limitations of the '019 patent:  (1) "support arms"; (2) "receptacles"; and (3) "latching features."  Judge Burke recommended that the Court deny summary judgment on the Omni rig because there are genuine issues of fact regarding whether the rig contains support arms, receptacles, and a latching feature.  Regarding the Abyss and the Odyssey rigs, however, Judge Burke recommended that the Court grant summary judgment because there was no genuine dispute that the rigs do not contain receptacles or latching features.

For the following reasons, the Court adopts Judge Burke's recommendations regarding literal infringement in full.  The Court addresses each rig and limitation separately.  Where the parties object to the Report, the Court summarizes and addresses these objections.

### a.    "Support arms" limitation

The asserted claims of the '019 patent all require a plurality of "support arms" that (1) extend outwards from the support body and (2) are connected with a receptacle.  Judge Burke determined that, for each accused product, there was a genuine dispute of material fact precluding summary judgment.  Neither party objected to this finding.  As

such, the Court adopts Judge Burke's recommendation and denies summary judgment

on this ground as to all rigs.  *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir.

1987) (holding that "the failure to object to a magistrate's legal conclusions may result in

the loss of the right to *de novo* review in the district court"); *Thomas v. Arn*, 474 U.S.

140, 149 (1985) (holding that the Federal Magistrates Act "does not on its face require

any review at all, by either the district court or the court of appeals, of any issue that is

not the subject of an objection").

### b.    "Receptacles" limitation

The asserted claims of the '019 patent all require "receptacles" that are disposed

on or about, arranged on, or provided on a corresponding support arm.  Receptacles

are features on the rigs that receive and hold cameras in place.  Judge Burke

concluded, with respect to the Omni rig, that 360Heros had produced sufficient

evidence to allow a reasonable jury to find that the rig had receptacles.  With respect to

the Abyss and Odyssey rigs, Judge Burke found that there was no genuine dispute that

they did not have receptacles.  360Heros objects to this latter finding.

### i.    Omni rig

Because neither party objects to the Report on this point, the Court adopts Judge

Burke's recommendation to deny summary judgment on this ground regarding the Omni

rig.  *See Henderson*, 812 F.2d at 878–79.

### ii.    Abyss rig

In addition to requiring receptacles, independent claims 1, 22, and 30 of the '019

patent require the receptacles to be "disposed . . . about the exterior" of the support

body.  '019 patent at 22:31–32; *id.* at 23:58–59; *id.* at 24:29–30.  Judge Burke

recommended that the Court grant summary judgment because he found that no reasonable jury could find that any portion of the alleged receptacles in the Abyss rig were "about the exterior" of the support body.  360Heros objects to this conclusion, arguing that, although the alleged receptacles are not exterior to the support body, they are still "about the exterior" of the support body because "they are not part of the interior of the support body."  Pl.'s Objections at 2 (quoting dkt. no. 234 at 25).

The Court finds Judge Burke's reasoning persuasive and overrules 360Heros's objection.  As Judge Burke points out, the phrase "disposed . . . about the exterior" indicates being on the exterior of the item.  In other words, it is not enough, as 360Heros contends, for the alleged receptacles to be *near* the exterior.  Additionally, the Court has trouble understanding how something can be "not part of the interior of the support body" and not be "about the exterior" of the support body.  The two are effectively opposites.  Accordingly, the Court grants summary judgment in favor of GoPro on this issue.

### iii.   Odyssey rig

In arguing that the receptacle limitation is found in the Odyssey rig, 360Heros contends that " the plastic of the Odyssey frame together with the lever and backpack" constitutes a receptacle.  Dkt. no. 234 at 21 (citing King Opening Report at 67–68).  Judge Burke rejected this contention because 360Heros had already identified the lever and backpack as the alleged support arms, foreclosing the possibility that the lever and backpack were also the receptacles.  Under the Federal Circuit's decision in *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010), there is a presumption that where elements are listed separately in a claim, the

elements are distinct components of the patented invention.  Thus, because the '019 patent lists the support arm and the receptacle as separate elements, the lever and backpack cannot be both as 360Heros so contends.

360Heros objects to the Report.  It argues that this case is unlike *Becton* and is instead more like *Gamevice, Inc. v. Nintendo Co.*, No. 18-cv-01942-RS, 2019 WL 3536986 (N.D. Cal. Aug. 2, 2019), where the court held that one component of the accused product represented two limitations of the patented invention.  The Court disagrees.  In *Gamevice*, the court noted that a construction of the patent claim in that case that allowed two elements to be in a single, unitary structure would not render the claim nonsensical.  *Id.* at *4.  The claim in this case, however, *would* be rendered nonsensical if the receptacle and support arms were the same structure.  Specifically, the claim states that the receptacle is disposed, provided, or arranged on the support arms; this cannot be so if the receptacle and the support arms are the same structure.  As Judge Burke aptly noted, "[h]ow could a receptacle be disposed on a support arm if the receptacle was the exact same structure as the support arm?"  Report at 30 (quotation marks and emphasis omitted).

For this reason, the case is exactly like *Becton*.  In that case, the Federal Circuit concluded that the claim would be "facially nonsensical" if the two elements in question—in that case, a hinged arm and spring—were the same structure.  The claim described the hinge arm as associated with the spring in such a way that "[i]f the hinged arm and the spring means are one and the same, then the hinged arm must be 'connected to' itself and must 'extend between' itself and a mounting means, a physical impossibility."  *Becton*, 616 F.3d at 1255.  Because 360Heros fails to identify

receptacles on the Odyssey rig that are distinct from the alleged support arms, GoPro is entitled to summary judgment on this point.

### c.   "Latching feature" limitation

Independent claims 1, 15, and 22 and dependent claim 34 require the receptacles to have a "latching feature" that enables cameras to be releasably secured to the rig.   As with the receptacle limitation, Judge Burke recommended denying summary judgment with respect to the Omni rig but granting summary judgment in GoPro's favor with respect to the other rigs.  360Heros objects to this latter recommendation.

### i.   Omni rig

Because neither party objects to the Report on this issue, the Court adopts Judge Burke's recommendation to deny summary judgment on this point with respect to the Omni rig.  *See Henderson*, 812 F.2d at 878–79.

### ii.   Abyss rig

According to 360Heros, the Abyss rig contains an "elastic band anchored to two of the metal protrusions" that constitutes a latching feature.  King Opening Report at 102.  Judge Burke found that an elastic band could not be a latching feature because 360Heros had previously stated, during the *inter partes* review (IPR) of the '019 patent, that an elastic band was not a latching feature.  Specifically, during the IPR, 360Heros attempted to explain why another product, the Geerds, did not disclose a latching feature.  The Geerds had a rubber band around the camera to hold the camera in place, to which 360Heros stated:  "Even though the rubber band seems to function to retain the camera in place, it is not something that a [person of ordinary skill in the art] would

8

refer to as a 'latching feature.'"  Dkt. no. 226, ex. 36 at 30.  Judge Burke found that this statement clearly and unmistakably asserted that a rubber band like the one in the Abyss did not constitute a latching feature.  *See Aylus Networks, Inc. v. Applies Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) (stating that prosecution disclaimer requires a "clear and unmistakable" disavowal of claim scope).

360Heros objects to Judge Burke's analysis.  In doing so, 360Heros does not contend that an elastic band can be a latching feature.  Rather, 360Heros says that its contention is not that the elastic band of the Abyss is the latching feature but rather that the elastic band in conjunction with the dome of the Abyss is the latching feature.  In response, GoPro argues that 360Heros is attempting to rewrite its argument via its objections and that up to now, its argument has always been that the elastic band in the Abyss is its latching feature.  GoPro further argues that the Court should not allow 360Heros to assert this new argument in its objection to the Report.

Although 360Heros is correct that it previously contended that the elastic band/dome feature in the Abyss constituted a latching feature, this argument was insufficiently developed in 360Heros's briefs submitted to Judge Burke and thus is waived for purposes of summary judgment.  In its summary judgment briefing, 360Heros pointed to only one paragraph in Dr. King's reply report to support its contention that the elastic band/dome combination constitutes the Abyss's latching feature.  *See* King Reply Report at 16–17.  Neither 360Heros nor Dr. King explained, however, why the elastic band/dome combination constitutes a latching feature.  They also did not explain why they contend that the dome is part of the latching feature when they previously stated that only the elastic band was the latching feature.  For these

9

reasons, the Court finds that 360Heros waived the argument in its submissions to Judge Burke. *Regan v. Upper Darby Tp.*, 363 F. App'x 917, 925 (3d Cir. 2010). As a result, the argument cannot be asserted in an objection to Judge Burke's report and recommendation. *See In re Nat'l Collegiate Student Loan Trs.*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived.").

### iii.    Odyssey rig

360Heros contends that the levers in the Odyssey constitute the rig's latching feature. Judge Burke rejected this argument, finding that 360Heros's interpretation creates a *Becton* problem. 360Heros objects, arguing that *Becton* is inapplicable and that *Gamevice* is more analogous to this case.

The Court agrees with Judge Burke. 360Heros's alleged latching feature is the same structure that it contends constitutes the support arms. But were the latching feature and support arms the same structure, the claim would be rendered nonsensical. According to the language of the claim, the latching feature is located on the receptacle that is disposed, arranged, or provided on the support arm. It is nonsensical for something to be located on a receptacle that is disposed, arranged, or provided on itself. For these reasons, the levers cannot be the Odyssey's latching feature, and summary judgment in favor of GoPro on this point is warranted.

### 2.    Doctrine of equivalents

Even if the patent holder cannot show that the accused products contain every limitation of the asserted patent, it can still maintain a patent infringement claim under the doctrine of equivalents. "[I]nfringement under the doctrine of equivalents must be

established on a limitation-by-limitation basis." *Dawn Equip. Co. v. Ky. Farms Inc.*, 140 F.3d 1009, 1015 (Fed. Cir. 1998) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)).  This means that, "to establish infringement under the doctrine of equivalents, the accused device must be shown to include an equivalent for each literally absent claim limitation." *Id.*

In addressing the doctrine of equivalents, Judge Burke concluded that summary judgment in GoPro's favor was not warranted regarding any of the rigs.  GoPro objects to these findings.  With respect to the Abyss and Odyssey rigs, it argues that Judge Burke erred because there is no genuine dispute that these rigs do not have literal or equivalent receptacles or latching features.  With respect to the Omni rig, GoPro makes two arguments:  (1) Dr. King's opinions are unsupported conclusory opinions that cannot be used to defeat summary judgment, and (2) 360Heros's claim is barred by prosecution history estoppel.

### a.    Abyss and Odyssey rigs

The Court agrees with GoPro that it is entitled to summary judgment with respect to the Abyss and Odyssey rigs.  As stated above, to show infringement under the doctrine of equivalents, the patent holder must show that there is either a literal or equivalent feature for each claim limitation in the accused product.  As previously explained, 360Heros does not identify a receptacle or latching feature in either the Abyss or Odyssey rigs that literally infringes the patent.  Accordingly, for purposes of summary judgment, it must show that a reasonable jury could find that there is an equivalent receptacle and latching feature in these rigs.

360Heros fails to meet this burden.  The only evidence on this point it cited in its

summary judgment papers is the expert testimony of Dr. King.  *See* dkt. no. 234 at 28

(citing dkt. no. 227 at 29–30); dkt. no. 226, ex. 51 (summarizing 360Heros's evidence).

But the portions of Dr. King's reports cited discussed the doctrine of equivalents

regarding the Abyss and Odyssey rigs only with respect to the support arm limitation.

*See* dkt. no. 226, ex. 51.  The Court has been unable to find anything in Dr. King's

reports in which he says, let alone explains, that there are structures on the Abyss or

Odyssey rigs that qualify as receptacles or latching features under the doctrine of

equivalents.  *See id.*; *id.*, ex. 39 at 63–139; *id.*, ex. 37 at 15–19; dkt. no. 237-4, ex. G.

And the Court was unable to find (nor does 360Heros cite) any other evidence in the

record suggesting that these rigs have equivalent receptacles or latching features.  *See*

dkt. no. 234 at 28.  360Heros thus has not shown a genuine factual dispute on this

point, and summary judgment is warranted.

   **b.**  **Omni rig**

  GoPro makes two arguments for why it is entitled to summary judgment

regarding the Omni rig on the doctrine of equivalents.  Neither is persuasive.  GoPro's

first argument is that Dr. King's opinions are unsupported conclusory opinions

insufficient to defeat summary judgment.  The Court disagrees.  As Judge Burke

concluded, Dr. King "offered a brief articulation of why it is that [each] element was met

(and in doing so, he made reference to what the claim requires, and why the assertedly

equivalent component was, in fact, equivalent)."  Report at 40 (emphasis omitted).  Dr.

King does not, as GoPro contends, simply restate the claim elements.  Rather, he refers

to specific language in the claims to identify the function, way, or result of each limitation

and links these features to ones on the accused products.  To be sure, Dr. King's

testimony is far from comprehensive.  But on a summary judgment motion, it is sufficient to create a genuine dispute regarding whether the Omni rig infringes the '019 patent under the doctrine of equivalents.

GoPro's second argument is that 360Heros's claim is barred by prosecution history estoppel.  Prosecution history estoppel prevents a patent holder from using the doctrine of equivalents to regain subject matter it relinquished during prosecution of the application for the patent.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002).  GoPro contends that, during the prosecution of the '019 patent, 360Heros disclaimed a product that "fully retains and supports photographic apparatus within the confines of the housing."  Mot. for Summ. J. Mem. at 31 (citing *GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944 (N.D. Cal., Mar. 31, 2017)).  According to GoPro, the Omni rig meets this description and thus cannot be said to infringe the '019 patent.

Judge Burke declined to address this argument because it concluded that GoPro did not sufficiently develop the point and thus had waived it.  Judge Burke stated:  "It would have been better had Defendant laid out, in a detailed fashion, why every asserted support arm/receptacle/latching feature as to all three accused rigs could not meet the standard that the Plaintiff allegedly set . . . ."  Report at 42.  The Court agrees that GoPro waived this argument by failing to develop it.  GoPro's memorandum in support of its motion for summary judgment only vaguely stated that "all three Accused Rigs are housings that integrally retain camera components within the confines of the housing."  Mot. for Summ. J. Mem. at 31.  Although the memorandum went into more detail regarding the structure of the Abyss and Odyssey rigs, it did not explain why the Omni rig integrally retains camera components within the confines of the housing.  For

13

this reason, the Court denies summary judgment on this point.

## B.   *Daubert* motions

A magistrate judge's decision regarding a motion to exclude expert opinions is subject to a "clearly erroneous and contrary to law" standard of review.  Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A).  Under the "clearly erroneous" standard, the reviewing court will only set aside factual findings when it is "left with the definite and firm conviction that a mistake has been committed."  *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (internal quotation marks omitted).  A magistrate judge's decision is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law."  *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014) (citation omitted).

### 1.   Factual findings

Judge Burke excluded testimony concerning damages.  Relevant to this inquiry is when GoPro began and stopped selling the accused products.  Because 360Heros contends that GoPro's sales of the accused products resulted in loss of revenue, it was necessary for Judge Burke to make factual findings concerning when GoPro sold each of the accused products.  Judge Burke made the following findings:

> Defendant began offering the Omni rig for sale in April 2016, first began shipping the product in August 2016 and discontinued sales in 2017.  It began selling the Abyss rig in April 2015 and discontinued sales in 2017.  And it began selling the Odyssey rig in September 2015, first began shipping it in May 2016 and discontinued production of the rig as of 2017.

Report at 4 (citations omitted).

360Heros objects to these findings, citing testimony from its experts for support.  Despite this evidence, the Court cannot say that Judge Burke's findings were clearly

erroneous.  Judge Burke cited ample support for each of his factual findings—more than enough to avoid reversal under clear error review.  *See* dkt. no. 220, ex. 29; dkt. no. 220, ex. 23 ¶ 23; dkt. no. 225, ex. 19; dkt. no. 225, ex. 23 ¶ 22; dkt. no. 225, ex. 30 at ex. A at 24–25.  The Court does not have a "definite and firm conviction that a mistake has been committed."  *Green*, 486 F.3d at 104.

### 2.    Damages testimony

There are two types of compensatory damages that may be recovered in a patent case:  lost profits and reasonable royalties.  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009).  The latter represents the minimum that a patent owner can recover under the Patent Act, which provides for "damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer."  35 U.S.C. § 284.  "To recover lost profits, however, the patent holder must show that the infringer actually caused the economic harm for which the patentee seeks compensation."  *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996); *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (stating that the patent owner has the burden to "show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer").

360Heros relies upon expert testimony to show "but for" causation.  Under Federal Rule of Evidence 702, expert testimony must meet three requirements to be admissible:  (1) the witness must be qualified to give such testimony; (2) the testimony must be reliable; and (3) the testimony must be relevant and assist the trier of fact.  Fed. R. Evid. 702; *Oddi v. Ford Motor Co.*, 234 F.3d 136, 144–45 (3d Cir. 2000).  The

Supreme Court explained these requirements in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).  On the first requirement, an expert is qualified if he possesses specialized expertise.  *Id.* at 589.  It stated that testimony is reliable if it is "supported by appropriate validation—i.e., 'good grounds,' based on what is known."  *Id.* at 590.  With respect to the fit requirement, the testimony must have "a valid . . . connection to the pertinent inquiry as a precondition to admissibility."  *Id.* at 591–92.

In the next section, the Court discusses whether 360Heros's expert testimony regarding its alleged lost profits meets the requirements of Rule 702.  The Court addresses this question with respect to 360Heros's expert testimony regarding its alleged reasonable royalties in the second section.

### a.    Lost profit testimony

One way a patent holder can show the requisite "but for" causation to recover lost profits is through the test articulated in *Panduit Corp. v. Stahlin Brothers Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978).  The *Panduit* test involves a burden-shifting framework.  First, the patent holder must make a prima facie case by showing four elements:  (1) demand for the patented product; (2) the absence of acceptable non-infringing alternatives; (3) the manufacturing and marketing capability to exploit the demand; and (4) the amount of profit that it would have made.  *Id.* at 1156.  If the patent holder makes this showing, then the burden shifts to the defendant to show that the "but for" causation inference is unreasonable for some or all of the lost sales.  *Id.*

360Heros relies on testimony from Bayley and Dr. King to meet the four elements of the *Panduit* test.  The Court first addresses Judge Burke's decision to exclude

portions of Bayley's testimony and then addresses his decision to exclude portions of Dr. King's testimony.

### i.        Bayley's opinions

Judge Burke excluded Bayley's testimony concerning the second and fourth *Panduit* factors but not the first and third factors.  360Heros objected to the former finding, but neither party objected to the latter.  For this reason, the Court affirms Judge Burke's decision regarding the first and third *Panduit* factors.

The Court also overrules 360Heros's objections and affirms Judge Burke's ruling excluding Bayley's testimony regarding the other two factors.  On the second factor— the absence of commercially acceptable, non-infringing alternatives—Bayley lists over twenty alternative devices in his opening report.  He then goes on to conclude that none of these devices are commercially acceptable, non-infringing alternatives.  Bayley admits that this conclusion was based on conversations he had with Michael Kintner, the Chief Executive Officer of 360Heros, rather than his own independent analysis of whether the proposed alternative devices were commercially acceptable or non-infringing.

Judge Burke determined that 360Heros's evidence on this point did not meet the requirements for admissibility under *Daubert*.  Specifically, he found that Bayley did not perform his own analysis regarding why each product he discussed was non-infringing or a commercially acceptable alternative.  Instead, Bayley relied solely on Kintner's opinion regarding whether the proposed alternatives were non-infringing or commercially acceptable.  Judge Burke concluded that Bayley's reliance was inappropriate because Kintner's underyling opinion constituted expert opinion and

360Heros did not follow the requirements of Rule 26(a)(2) regarding Kintner.

360Heros objects to this finding, arguing that Kintner has the qualifications to provide the opinions upon which Bayley relied.  360Heros says that it intends to provide a supplemental report to meet the requirements of Rule 26(a)(2) with respect to Kintner.  In response, GoPro argues that 360Heros cannot supplement without leave of court, and it argues that the Court should deny leave to supplement.

Following briefing of the parties' objections to the Report, 360Heros filed a motion for leave to supplement, which is now fully briefed.  The Court defers ruling on the motion for leave to supplement for the time being.  For now, the Court agrees with Judge Burke that Bayley's testimony concerning the second *Panduit* factor is subject to exclusion due to his reliance on Kintner's opinion given 360Heros's noncompliance with Rule 26(a)(2) regarding Kintner.  The Court reserves the right to revisit the matter after it rules on 360Heros's motion for leave to supplement.

On the fourth *Panduit* factor—the amount of profit that the patent holder would have made—Judge Burke also found that 360Heros's evidence should be excluded.  He concluded that Bayley's testimony on the issue was unreliable for two reasons.  First, Bayley did not estimate 360Heros's lost profits using the number of sales of accused products by GoPro during the relevant timeframe.  Second, Bayley's calculations estimated lost profits through 2020 despite the fact that GoPro stopped selling the accused products in 2017.

The Court agrees.  360Heros's only objection to Judge Burke's findings is that profits from future sales are recoverable under Federal Circuit precedent.  Although this is true, it's not automatic:  the patent holder bears the burden of showing a causal

relation between the defendant's alleged infringement and the loss of profits.  *Lucent Techs.,* 580 F.3d at 1324 ("The patentee bears the burden of proving damages."). Judge Burke found that 360Heros failed to meet this burden because (1) Bayley did not calculate 360Heros's lost profits using GoPro's sales of its accused products, and (2) his calculations included sales from years during which GoPro no longer sold the accused products.  As 360Heros does not provide specific responses to Judge Burke's reasoning, the Court finds that it has waived its objection and affirms the ruling.

### ii.   King's opinions

Judge Burke also excluded Dr. King's opinions concerning 360Heros's lost profits because it found that Dr. King inappropriately relied on Kintner's opinion.  For the same reasons given above, the Court finds that exclusion of Dr. King's opinion on this basis was not contrary to law.

### b.   Reasonable royalty testimony

In addition to lost profits, a patent owner can sue for the reasonable royalties that it would have received from the defendant's use of the patented feature.  Such damages compensate the patent holder for "its lost opportunity to obtain a reasonable royalty that the infringer would have been willing to pay if it had been barred from infringing." *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1334 (Fed. Cir. 2015).  To determine reasonable royalties, a court must determine a "royalty base to which the royalty rate will be applied."  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 977 (Fed. Cir. 2018).

Where the accused product has multiple components, as in this case, recoverable royalties must be based on the "smallest salable patent-practicing unit,"

rather than on the entire product. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012) (citation omitted).  An exception to this general rule is the entire market value rule, which allows recovery based on the entire product when it is the patented feature that drives the demand for the entire product. *Id.*  This burden is "demanding." *Power Integrations*, 904 F.3d at 977.  "Strict requirements limiting the entire market value exception ensure that a reasonable royalty does not overreach and encompass components not covered by the patent." *Id.* at 978 (citation and internal quotation marks omitted).

i.      **Royalty base**

Judge Burke found that Bayley's testimony concerning the appropriate royalty base for 360Heros's reasonable royalty calculations was flawed in two ways.  360Heros objects to both findings.  For the reasons below, the Court overrules both objections and affirms Judge Burke's decision to exclude Bayley's testimony on this issue.

First, Judge Burke found that it was improper for Bayley to use total revenue from the accused products without further apportionment.  360Heros disagrees, contending that GoPro did not provide evidence that its improvements to the accused products resulted in incremental benefits to users.  This response, however, misunderstands the law.  Under Federal Circuit precedent, the default rule when calculating reasonable royalties is apportionment. *Id.* at 977.  For the entire market value exception to apply, the burden is on *the plaintiff* to provide evidence that the patented feature drives the demand for the product. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014) (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)) ("[T]he patentee must show in what particulars his improvement has added to the usefulness of the machine

20

or contrivance.").  Judge Burke correctly determined that 360Heros failed to present any such evidence.  The only sentence in Bayley's report that supports 360Heros's contention is a bare assertion that the patented feature drives the demand for the accused products.  In its objections, 360Heros does not refer the Court to any additional evidence on this point.

Second, Judge Burke found that it was improper for Bayley to include in the royalty base revenue relating to cameras and software sold with the accused products.  360Heros argues that it was not improper for Bayley to include the camera revenue because, it contends, claim 30 includes a camera element.  Rather than explaining its rationale for this conclusion in its objections, however, 360Heros states only that it "reiterates [the] arguments set out in the briefing on this issue."  Pl.'s Objections at 7.

GoPro contends that 360Heros waived its objection to Judge Burke's finding by failing to respond to it directly in its objections filed with the Court.  It cites *Masimo Corp.*, 62 F. Supp. 3d at 376, for the proposition that "[u]nderlying briefs cannot be 'incorporated by reference . . . .'"  For this reason, it contends, 360Heros has not adequately objected to the Report and its argument is waived.

The Court agrees with GoPro.  In the Report, Judge Burke explained in considerable detail why he concluded that claim 30 did not include a camera element.  He analyzed various provisions in the '019 patent and concluded that the language of the claims indicated that the patent claims a rig that holds cameras in a particular configuration, not the cameras themselves.  360Heros makes no attempt to grapple with this reasoning.  For this reason, the Court finds that it has waived its objection to Judge Burke's finding.

Even if the objection was not waived, the Court would find in favor of GoPro.  In its objections, 360Heros refers the Court to its summary judgment briefs, which cite only to Dr. King's declaration to support this particular point.  Dr. King's declaration does not, however, provide any rationale for his conclusion that claim 30 includes a camera as an element.  Instead, he merely asserts in a conclusory fashion that his "opinion is that claims 30–37 of the '019 patent include a camera as an element."  Dkt. no. 237-5 ¶ 7; *see also id.* ¶ 11.  The Court finds Judge Burke's interpretation of claim 30 more persuasive.

## ii.    Royalty rate

Judge Burke excluded Bayley's opinions concerning an appropriate royalty rate.  To determine an appropriate royalty rate, a party may use royalty rates used in prior licenses involving the patent.  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011).  Only comparable licenses can be considered, however.  *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010).  "[A] patentee [cannot] rely on license agreements that [are] 'radically different from the hypothetical agreement under consideration' to determine a reasonable royalty."  *Uniloc USA*, 632 F.3d at 1316 (quoting *Lucent Techs.,* 580 F.3d at 1327).  In addition, when calculating reasonable royalties, district courts "must account for differences in the technologies and economic circumstances of the contracting parties."  *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010).

"To be admissible, expert testimony opining on a reasonable royalty must 'sufficiently tie the expert testimony on damages to the facts of the case.'"  *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp.*, 879 F.3d 1332, 1349 (Fed. Cir. 2018)

22

(quoting *Uniloc USA*, 632 F.3d at 1315).  Judge Burke found that Bayley and Dr. King's testimony failed to meet this standard.  360Heros objects to this conclusion, arguing that GoPro did not provide evidence to contradict Bayley's analysis.  But the burden is on 360Heros to show that its expert's testimony is admissible.  *See Uniloc USA*, 632 F.3d at 1315.  Because it points to no admissible evidence suggesting that the licenses on which Bayley based his analysis were in fact comparable, the Court affirms Judge Burke's decision to exclude the testimony.

## Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation, with the exception of its findings relating to the doctrine of equivalents regarding the Odyssey and Abyss rigs.  The Court therefore grants summary judgment in favor of the defendant on the basis of non-infringement with respect to the plaintiff's claims regarding the Abyss and Odyssey rigs but denies defendant's motion for summary judgment of non-infringement with respect to the Omni rig.  The Court also affirms the Magistrate Judge's exclusion of certain portions of Bayley's and Dr. King's expert testimony.  The Court now will proceed to rule on plaintiff's motion to supplement expert reports.  The case is set for a telephonic status hearing on June 10, 2022 at 9:30 a.m. ET (8:30 a.m. CT) to discuss the trial and the preparation of the final pretrial order, as well as the possibility of settlement.  The following call-in number will be used:  888-684-8852, access code 746-1053.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  May 31, 2022