## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 360HEROS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 17-1302-MFK-CJB |
| | ) | |
| GOPRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff 360Heros, Inc. has moved to supplement its expert reports to add new reports from three witnesses, two of whom were previously disclosed as experts:  Scott Bayley, Randall King, and Michael Kintner.  Defendant GoPro, Inc. opposes the motion.

The Court previously upheld Magistrate Judge Burke's exclusion of certain opinions and testimony from Bayley and King relating to lost profits and reasonable royalties.  First, the Court affirmed the exclusion of Bayley's opinions regarding the second and fourth factors under *Panduit Corp. v. Stahlin Bothers Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978), for recovering lost profits.  On the second factor, Bayley had relied on opinions by Kintner, 360Heros's CEO, but 360Heros had not followed the requirements of Rule 26(a)(2) regarding Kintner's underlying opinions.  On the fourth factor, Judge Burke had found Bayley's opinion unreliable.  Second, the Court upheld Judge Burke's exclusion of King's lost profits testimony due to his reliance on Kintner combined with 360Heros's noncompliance with Rule 26(a)(2).

On the question of reasonable royalties, the Court upheld Judge Burke's

exclusion of Bayley's testimony because of his inappropriate use of total revenue from the accused products as the basis for calculation of royalties and because of his inappropriate inclusion in the royalty base of revenue relating to other products sold with the accused products.  The Court also upheld Judge Burke's exclusion of Bayley's opinions regarding an appropriate royalty rate because GoPro had failed to establish that the licenses upon which Bayley relied to do this were comparable.  On that point, Judge Burke concluded that Bayley was not qualified to opine on whether the licenses were technologically comparable and that "the one expert on Plaintiff's side who is qualified to do so (Dr. King) was never shown these licenses and never commented on them."  Report & Recommendation at 70.

As indicated, 360Heros now offers additional reports from Bayley and King and a report from Kintner.  360Heros initially invokes Rule 26(e), regarding the obligation to supplement reports.  But that provision applies in situations where a party is correcting inaccuracies or adding information that was not available at the time of the initial report. *See, e.g., Novartis Pharms. Corp. v. Actavis, Inc.*, No. 12-cv-366, 2013 WL 7045056, at *7 (D. Del. Dec. 23, 2013).  That is not the case here.

Rather, the proposed supplemental disclosures are late, and thus they are subject to exclusion unless the late disclosure is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).  360Heros does not argue justification, so the Court's inquiry is confined to the question of harmlessness.  On that, courts in the Third Circuit consider the following factors:

- the amount of surprise or prejudice;

- the other party's ability to cure any such prejudice;

- the extent to which allowing the testimony would disrupt the order and efficiency of trial;

- bad faith or willfulness in the non-disclosing party's failure to comply with the court's order;

- the explanation for the failure to disclose; and

- the importance of the testimony sought to be excluded.

*See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977).

The Court declines to permit 360Heros to offer a Rule 26(a)(2) disclosure from Kintner to attempt to correct the deficiencies that led to the exclusion of certain opinions by Bayley and King. Allowing Kintner's report would require, at a minimum, depositions of Kintner, Bayley, and King on the points offered by Kintner in the new disclosure and relied upon by the others. It would also require rebuttal reports—or at least consideration of rebuttal reports—from at least two experts on GoPro's side. Taken together, and given the stage of the litigation, with upcoming pretrial disclosure due dates and a trial in the fall, this would be highly disruptive for GoPro and its counsel. The Court acknowledges that the testimony offered via the report from Kintner is important to 360Heros, but that is not sufficient to outweigh the significant and not-reasonably-curable prejudice to GoPro were the Court to admit the report.

The Court also overrules 360Heros's request to submit an additional report from Bayley. GoPro says that the proposed report contains revised opinions on the second *Panduit* factor, a revised profit and loss analysis, and new opinions on various aspects of the reasonable royalty analysis. *See* Def.'s Answer Brief (dkt. no. 287) at 3.

360Heros offers no response to any of these contentions; it has thus conceded the point.  In other words, the proposed supplemental report goes significantly beyond correcting the deficiencies identified by Judge Burke.  Allowing the report would require a new deposition of Bayley and, potentially, a revamp of the lost profits and reasonable royalty analyses offered by GoPro's experts.  Again, the prejudice to GoPro would be significant, and it is not outweighed by the claimed importance of the new information to 360Heros.

The Court grants, however, 360Heros's request to submit a supplemental report from King.  King's proposed additional report is narrow and focused; it addresses only the licenses used by Bayley in his original analysis for comparison purposes.  The additional discovery that would be necessitated by this report would be focused, and allowing the report does not appear to entail any brand-new opinions by Bayley.  The Court acknowledges that 360Heros has not offered much if any of a justification for its earlier nondisclosure.  In this particular situation, however, the Court concludes that GoPro is sufficiently able to cure the prejudice such that the supplemental report should be allowed given its importance to 360Heros's case.

As a condition of allowing the supplemental King report, however, the Court will require 360Heros to pay the reasonable attorney's fees for the time needed for a single attorney to prepare for and take a 90-minute deposition of King, specifically 3 hours of attorney time (1.5 hours to prepare and 1.5 hours to take the deposition).  This must be paid within 7 days of receipt from an invoice from GoPro.  If that is not done, then the Court will exclude King's supplemental report and testimony based on it.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion to supplement [dkt. no. 284] in part and denies it in part.  The motion is granted with respect to the proposed supplemental report by Randall King (with the condition noted in the body of this order) and denied with respect to the proposed supplemental reports by Scott Bayley and Michael Kintner.  Plaintiff is directed to produce King for a deposition of no more than 90 minutes relating to his supplemental report by no later than June 22, 2022.  Any supplemental rebuttal report by defendant is to be served by no later than July 6, 2022, and defendant must produce the drafter(s) of any such report(s) for a deposition of no more than 90 minutes each by no later than July 20, 2022.  The parties may not alter these dates by stipulation but instead must seek and obtain permission of the Court on a showing of good cause.  The Court also adopts the pretrial conference schedule set out by the parties in their joint stipulation filed on May 16, 2022 [dkt. no. 286], with the exception of the date for the final pretrial conference, which the Court will set at the next status hearing in this case.  Again, these dates, now that the Court has adopted them, may not be altered by stipulation.  The case is set for a telephonic status hearing on June 22, 2022 at 8:20 AM Central time (9:20 A.M. Eastern time), using call-in number 888-684-8852, access code 746-1053.  A joint status report, including a section addressing the history and current status of any settlement discussions, is to be filed on June 20, 2022.

Date:  June 8, 2022

_____
MATTHEW F. KENNELLY
United States District Judge