

Stamatios Stamoulis
stamoulis@swdelaw.com

December 1, 2022

**BY CM/ECF**

The Honorable Matthew F. Kennelly
United States District Court for the Northern District of Illinois
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604

     Re:    <u>360Heros, Inc. v. GoPro, Inc.</u>, C.A. No. 17-1302-MFK (D. Del.) – Permission to file Motion to Compel Attendance of GoPro's Expert on Damages, Mr. Dansky

Dear Judge Kennelly,

     Plaintiff was recently informed that Defendant is not producing their damages expert, Mr. Dansky, for trial. Plaintiff and Defendant conferred about this issue on December 1, 2022, at 12:00 pm E.S.T., but were unable to reach an agreement for Defendant to produce Mr. Dansky for trial. In line with decisions from this Court, specifically *Shure Inc. v. ClearOne, Inc.*[1], this Court has discretion in allowing Plaintiff to call Defendant's damages expert when its own expert is struck. Judge Andrews, in assessing a similar situation to what is in this case, found that the *Pennypack* factors[2] weighed in favor of allowing such testimony. Plaintiff contends that applying those factors to this case will weigh in favor of allowing 360Heros to call Mr. Dansky to testify.

Specifically, in applying these factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order[,][3]

there is minimal prejudice to GoPro because 360Heros would be using GoPro's own damages case. The first and second factor therefore favor 360Heros. The third factor also weighs in favor of allowing the evidence because the trial will proceed as scheduled and Mr. Dansky was previously included on GoPro's witness list. As to the fourth factor, 360Heros is not acting in bad faith or willfully and is not failing to comply with the pretrial order—rather, 360Heros and GoPro are contesting whether Mr. Dansky can be compelled to provide testimony.

---

[1] No. CV 19-1343-RGA, 2021 WL 5014770, at *1 (D. Del. Oct. 28, 2021) (attached as Exhibit A).
[2] *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 905 (3d Cir. 1977).
[3] *Id.* at 904-905.

The Honorable Matthew F. Kennelly
December 1, 2022
Page 2

In addressing GoPro's argument that Mr. Dansky is not within the subpoena power of the Court, Mr. Dansky is not a lay witness but rather an expert witness that GoPro used in its case in chief. GoPro should not be allowed to now hide that witness. The Court can require his attendance.

360Heros offers to pay for the time Mr. Dansky testifies and 360Heros will limit the testimony sought from Mr. Dansky to what is in his May 13, 2022, expert report. Should the Court require a proffer of such evidence, it can be provided.

Plaintiff respectfully requests an Order from the Court requiring GoPro to produce Mr. Dansky at trial or authorization for 360Heros to file a motion to compel.

Respectfully,

Stamatios Stamoulis (#4606)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
*Attorneys for Plaintiff*

cc: All Counsel of Record – by CM/ECF