

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

January 24, 2023

**BY CM/ECF**
The Honorable Matthew F. Kennelly
United States District Court for the Northern District of Illinois
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604

        Re:    *360Heros, Inc. v. GoPro, Inc.,* D. Del. C.A. No. 17-1302-MFK- GoPro's Response to 360Heros' Letter re Request to Proceed Without Local Counsel

Dear Judge Kennelly:

      Defendant GoPro, Inc. ("GoPro") hereby responds to Plaintiff 360Heros, Inc.'s ("360Heros") January 19, 2023 letter (D.I. 325), as well as the accompanying January 12, 2023 letter from Michael Kintner (D.I. 325-1).  In the original November 30, 2022 Motion for Withdrawal, 360Heros represented to the Court that it could "easily and quickly retain substitute local counsel." D.I. 314 at 1. In response, GoPro stated that it took "no position on this motion as long as 360Heros does not attempt to use this motion as a basis for delay in the case." *Id.*  Now, almost two months later, 360Heros has still failed to retain new local counsel, and asks that the Court waive all requirements of Local Rule 83.5(d) and allow it to proceed without Delaware counsel.  The Court should deny this request, which has no substantive basis.  Moreover, such a request is particularly inappropriate because 360Heros' *pro hac* trial counsel, William P. Ramey III, has not only engaged in questionable conduct in this case, but has been cited for misconduct in other cases pending in this District.[1]  In those cases, Chief Judge Connolly has not granted Delaware counsel's motions to withdraw, and instead made clear that he plans to sanction Mr. Ramey for violating explicit court orders, even raising the specter that Mr. Ramey's *pro hac vice* status could be at risk.[2]  Indeed, during the hearing on sanctions, Chief Judge Connolly made clear that "*[i]t's a privilege to be able to practice in this court and to be admitted pro hac*." Ex. A (Transcript of September 26, 2022 Hearing from the *Missed Call* cases at 22:13-24). Given that history, allowing Mr. Ramey to proceed without Delaware counsel to remain accountable for

---

[1] *Missed Call, LLC v. Freshworks, Inc.*, Civ. No. 22-739; *Missed Call, LLC v. Talkdesk, Inc.*, Civ. No. 22-740; *Missed Call, LLC v. Twilio Inc.*, Civ. No. 22-742 (collectively the "*Missed Call*" cases); *see also Nimitz Techs. LLC v. CNET Media, Inc.*, No. 21-1247-CFC, 2022 WL 17338396, at *6-9 (D. Del. Nov. 30, 2022).

[2] Specific sanctions have not been issued yet because the case has been stayed pending resolution of a petition for a writ of mandamus.  *See Nimitz,* 2022 WL 17338396, at *1; Ex. B (November 22, 2022 Order Granting Stay (D.I. 26) from the *Missed Call* cases).

compliance with the rules and customs of this Court would undermine the fundamental purpose of Local Rule 83.5(d).

District of Delaware Local Rule 83.5 is explicit in its requirement of Delaware counsel. *Nimitz* 2022 WL 17338396, at *7. As Chief Judge Connolly recently emphasized, "if Plaintiffs wish to pursue this matter in this Court, Plaintiffs need to retain a Delaware lawyer with a Delaware office." Ex. C. *Sage Chem. Inc. v. Supernus Pharms., Inc.*, No. 22-1302-CFC, D.I. 34 at 2 (D. Del. Dec. 20, 2022) (denying application of an out-of-state Delaware attorney under Local Rule 83.5(f)(2) due to absence of "exceptional circumstances"). Although 360Heros contends that the Court should waive this requirement based on the "[u]nless otherwise ordered" language in Rule 83.5(d), waiver is the exception, not the rule, and is inappropriate under the circumstances in this case. *See Twin Spans Bus. Park, LLC v. Cincinnati Ins. Co.*, No. 19-476-SB-SRF, 2021 WL 5161836, at *2 (D. Del. Nov. 5, 2021) (holding such language cannot "override [] express ineligibility criteria").

In the *Bakarfit* case, for example, Plaintiffs' counsel sought waiver of the local counsel requirement, which the Court denied. *Bakarfit Life Liberty & Pursuit of Happiness for the Bokhary, Asghar, Khwaja & Richardson Fam. Irrevocable Tr. v. New Century Fin. Corp.*, No. 09-059 (RBK), 2009 WL 483852, at *2 (D. Del. Feb. 23, 2009). As grounds for the waiver, counsel made similar arguments as 360Heros makes here: "that his clients are financially unable to secure local counsel on a[n] hourly basis, and they have been unable to find local counsel with no conflict of interest and who will represent them on a continency[sic] basis." *Id.* at *1. In denying the waiver, the Court explained that the local counsel requirement served three important purposes:

> (1) members of the local bar are familiar with the rules and customs of the Court and are expected to educate *pro hac* attorneys on, and enforce, those rules and customs; (2) members of the local bar of the Court are more readily available than *pro hac* attorneys for conferences or other matters which arise in the course of litigation, and; (3) the Court looks to members of the local bar to serve as a liaison between it and *pro hac* attorneys and to ensure effective communications between the Court and *pro hac* attorneys.

*Id.* at *2; *see also Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.,* 67 F. Supp. 3d 637, 655 (D. Del. 2014) (local counsel's job extends to ensuring and certifying compliance with Rule 11). The Court then "decline[d] to waive the local counsel requirement" because "Plaintiffs have presented no evidence to support their professed inability to obtain Delaware counsel." *Bakarfit*, 2009 WL 483852, at *2. The Court also reasoned that "in reviewing the pleadings filed to date, *it is quite apparent that local counsel is necessary for the orderly administration of this case.*" *Id.* (emphasis added). Accordingly, the Court denied the Plaintiffs' motion for waiver and required Plaintiffs "to obtain local counsel." *Id.*; *see also Nimitz*, 2022 WL 17338396, at *7.

As in *Bakarfit,* 360Heros has presented no evidence that it is unable to obtain local counsel, instead offering only 1) a conclusory statement in its original motion to withdraw that "Plaintiff and S&W have come to an impasse regarding the direction of this litigation" and a vague allusion to a "fundamental disagreement between the Plaintiff and S&W regarding the litigation," and 2) another conclusory statement in its January 19 letter that "no local counsel has accepted the terms"

that 360Heros has offered.  D.I. 314 at 1; D.I. 325 at 1.[3]  These cryptic statements do not demonstrate good cause for withdrawal.  Indeed, in the "*Missed Call*" cases, Chief Judge Connolly held that a similar conclusory statement, "[g]ood cause exists for the withdrawal as counsel, in that attorney is unable to effectively communicate with Client in a manner consistent with good attorney-client relations" was not a valid basis to grant Delaware counsel's motions to withdraw; instead, such "cryptic language" only "raised alarm bells."  *Nimitz*, 2022 WL 17338396, at *7.

Moreover, in the *Missed Call* cases, Chief Judge Connolly sanctioned Mr. Ramey after he 1) willfully disregarded an order to appear in person for a hearing, and 2) filed a "stipulation" to which the defendant never agreed in an attempt to avoid the hearing.  *See* Ex. A at 20:10-14 and 22:13-24; *Nimitz*, 2022 WL 17338396, at *8.  Regrettably, Mr. Ramey has exhibited similar conduct in this case, as 360Heros has repeatedly disregarded court orders,[4] as well as court-ordered pretrial disclosure deadlines.[5]  Finally, as Chief Judge Connolly noted, Mr. Ramey has "been sanctioned [] in other courts" for misconduct such as deficient pre-suit investigations.[6]  Mr. Ramey's conduct in this and other cases emphasizes the need for Delaware counsel to ensure accountability and compliance with this Court's practices.

In his January 12, 2023 letter to the Court (D.I. 325-1) in opposition to the withdrawal motion, Mr. Kintner (360Heros' founder and CEO) blames his current predicament – the fact that his Delaware counsel is seeking to withdraw because of "the fundamental disagreement between the Plaintiff and S&W regarding the litigation" – on GoPro.  Selectively quoting the last few sentences of an almost five year old multi-page settlement communication to 360Heros' prior counsel SpencePC,[7] Mr. Kintner claims that GoPro is attempting to wield improper influence on the system and on 360Heros' local counsel in order to prevent Mr. Kintner from having his day in Court.  D.I. 325-1.  A copy of the full May 14, 2018 communication is attached as Exhibit E.

As Exhibit E shows on its face, the communication was sent in the context of settling the patent dispute as part of the California litigation nearly five years ago.  It clearly outlines the

---

[3] To the extent that "[t]he damages expert exclusion has made finding contingency fee local [counsel] very hard" as Mr. Kintner complains (D.I. 325-1 at 1), this only reflects the substantive weakness of 360Heros' case, not any valid basis for waiving the local counsel requirement.

[4] 360Heros failed to (a) file a status report on December 15, 2022 as ordered by the Court (D.I. 321) and (b) timely serve supplemental interrogatory responses "by no later than February 8, 2021" as ordered by the Court (D.I. 188; *see also* D.I. 193 at 2).  In addition, 360Heros disregarded opportunities the Court had expressly provided for it.  *See, e.g.,* D.I. 290 at 4 (deposition of expert Dr. King); D.I. 321 (reply in support of motion to compel).

[5] 360Heros added 87 exhibits to its exhibit list on November 21, 2022, the day the Pretrial Order was due, and as of today still has not provided GoPro with copies of these exhibits despite repeated requests, violating the Scheduling Order deadlines for exchanging exhibit lists and for providing access to exhibits.  *See* D.I. 299; D.I. 312 at 15-16.  In addition, 360Heros did not provide proposed jury instructions, verdict form, or *voir dire* to GoPro on the October 24, 2022 deadline.  Instead, on November 29, 2022, it asked GoPro to prepare drafts.

[6] Ex. A at 28:10-16; *see also, e.g.,* Ex. D (noting Mr. Ramey has filed hundreds of suits that "led to a panoply of sanctionable conduct"); *WPEM, LLC v. SOTI Inc.*, 837 Fed. Appx. 773, 773-774 (Fed. Cir. 2020) (affirming district court ruling of exceptional case because "a reasonable plaintiff conducting a minimally diligent infringement analysis would have become aware" that an older version of the accused product was prior art).

[7] SpencePC remained counsel for 360Heros for over 2 years after this letter.  D.I. 160, 161.

various deficiencies of 360Heros' patent assertions and concludes with the eventuality that GoPro's counsel correctly predicted at the time – that 360Heros will not have any significant recoverable damages. There is nothing improper about GoPro's communication; nor does it indicate any disadvantage facing 360Heros. Rather, it highlights GoPro's steadfast adherence to its position since the inception of the parties' patent dispute that its rigs do not infringe 360Heros' '019 patent and that the patent is invalid.[8] The fact that 360Heros and Mr. Kintner have chosen to disregard the realities of the case[9] at every juncture and instead have taken untenable positions and not availed themselves of the opportunities that this Court has given them, even in terms of fixing their reasonable royalty analysis,[10] is not a reflection on the legal system or GoPro's conduct. Rather it points to 360Heros' refusal to come to terms with the fact that the Court has determined that two of the three accused products do not infringe, that its patent is at significant risk of being invalidated, and that there are no damages in the case.

In sum, GoPro respectfully requests that the Court deny the Motion for Withdrawal unless 360Heros retains new Delaware counsel, and further deny 360Heros' request to proceed without Delaware counsel. GoPro further requests that the Court require that 360Heros effectively engage Delaware counsel so that counsel can ensure compliance with the local rules as well as any remaining deadlines and obligations in the case.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)

cc: All Counsel of Record – by CM/ECF

---

[8] Mr. Kintner also claims that GoPro's conduct has drained 360Heros of its resources. Notably though, 360Heros has been able to take full advantage of the legal system through its use of contingency counsel throughout the duration of this lawsuit.

[9] In the California court, noting that expert discovery had not been conducted, Judge Illston indicated that based on the evidence she had at that time, GoPro's Abyss and Odyssey rigs were not infringing. *See* D.I. 225, Ex. 15 at 12 (previously filed copy of *GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944-SI, D.I. 150 (N.D. Cal. Nov. 22, 2017)). She had already excluded the Omni rig because 360Heros failed to provide timely infringement contentions regarding that product. *See* D.I. 225, Ex. 13. Likewise, before it was dismissed on procedural grounds, the Patent Trial and Appeal Board instituted an *inter partes* review of the '019 patent – clearly calling into question the validity of the claims 360Heros has asserted against GoPro. *GoPro, Inc. v. 360Heros, Inc.*, IPR2018-01754, Paper 15 (PTAB Apr. 3, 2019); *see* D.I. 223 at 14 n. 9. Then in this case, the Court ruled on summary judgment that the Odyssey and Abyss rigs did not infringe and struck 360Heros' damages expert for his failure to use sound methodology or apply the basic legal tenets required to establish proper patent damages D.I. 275, 289.

[10] The Court gave 360Heros the opportunity to present Dr. King's damages testimony about comparable licenses. 360Heros affirmatively choose not to do so. D.I. 290 at 3-4; *see* D.I. 307 at 3-4. 360Heros also chose not to oppose GoPro's motion *in limine* to exclude the Yi license or any other evidence about a reasonable royalty. D.I. 312 Ex. D at 9-11, 72.