## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

360HEROS, INC.,           )
                                  )
          Plaintiff,         )
                                  )
          vs.                )        Civil Action No. 17-1302-MFK-CJB
                                  )
GOPRO, INC.,            )
                                  )
          Defendant.      )

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      360Heros, Inc. sued GoPro, Inc., alleging that three of GoPro's products—the Omni rig, the Odyssey rig, and the Abyss rig—infringe U.S. Patent No. 9,152,019 (the '019 patent). Only 360Heros's infringement claim regarding the Omni rig proceeded past summary judgment to a jury trial in April 2023. At trial, GoPro contended both that the Omni rig did not infringe the '019 patent and that the '019 patent was invalid. The jury found in GoPro's favor on both infringement and invalidity.

      360Heros has now moved for a new trial under Federal Rules of Civil Procedure 59 and 60, and GoPro has moved for attorney's fees under 35 U.S.C. § 285. For the reasons set forth below, the Court denies both motions.

### Background

      The Court assumes familiarity with this case's factual and procedural background, which has been discussed in prior written opinions. The following background is relevant to the parties' post-trial motions.

      The '019 patent claims "a holding assembly configured to releasably retain a plurality of cameras in a predetermined orientation" to create 360-degree images and

videos.  '019 Patent at 1:53–55.  The named inventor of the patent is 360Heros's founder and Chief Executive Officer, Michael Kintner.  GoPro's accused products are three multi-camera rigs—the Odyssey, Omni, and Abyss—that create 360-degree images and videos.

## A.    Procedural history

GoPro sued 360Heros in April 2016 in the Northern District of California, asserting, among other claims, declaratory relief of non-infringement of the '019 patent. In August 2016, 360Heros filed a counterclaim for infringement.  In its infringement contentions, 360Heros identified the Abyss and Odyssey rigs as infringing products.  In April 2017, the California court denied 360Heros leave to amend its infringement contentions to include the Omni rig.  *See GoPro, Inc. v. 360Heros, Inc.*, No. 16-CV-01944-SI, 2017 WL 1278756, at *3 (N.D. Cal. Apr. 6, 2017).  In September 2017, 360Heros filed this suit in the District of Delaware, alleging that the Omni rig infringed the '019 patent.

GoPro moved for summary judgment in the California suit, contending that 360Heros lacked standing to assert the '019 patent or, in the alternative, that it did not infringe the patent.  360Heros contended that it had standing and that additional discovery was necessary to resolve the question of infringement.  In November 2017, the California court granted GoPro's motion for summary judgment for lack of standing. *See* Dkt. no. 225-1, Ex. 15.  In dicta, the court noted:

> If the Court had reached the issue of patent infringement, based on the information currently in the record, it appears to the Court that GoPro's rigs do not infringe the patent-in-suit.  However, it would have been beneficial to have a more developed record and, therefore, the Court would have granted 360Heros' Rule 56(d) motion to allow additional discovery on this issue.

2

*Id.* at 12.  After this decision, 360Heros amended its complaint in the present case to include the Abyss and Odyssey rigs.

In October 2017, GoPro moved to transfer this suit from Delaware to California. Magistrate Judge Christopher J. Burke denied this motion, reasoning that 360Heros chose to file suit in Delaware "for a number of good reasons" that have "been recognized by our Court as being legitimate and understandable."  Dkt. no. 61 at 8. Judge Leonard P. Stark adopted Judge Burke's order after "consider[ing] the motion and order *de novo*."  *See 360Heros, Inc. v. GoPro, Inc.*, No. CV 17-1302-LPS-CJB, 2019 WL 4316296, at *1 (D. Del. Sept. 12, 2019).  Judge Stark overruled GoPro's objection that 360Heros engaged in forum shopping, reasoning that 360Heros's decision to "file[] the Delaware action over the Omni rig alone . . . was within its right and for seemingly legitimate reasons."  *Id.* at 2.

GoPro then moved for summary judgment on infringement in this case in August 2021.  Judge Burke issued a report and recommendation in which he recommended granting summary judgment regarding 360Heros's claims of literal infringement for the Abyss and Odyssey rigs, but not for the Omni rig.  *See* Dkt. no. 275 at 39.  He also recommended denying summary judgment regarding 360Heros's claims of infringement under the doctrine of equivalents for all three rigs.  *See id.* at 42.  The case was reassigned to the undersigned Judge in February 2022.  The Court overruled the parties' objections to Judge Burke's report "with the exception of GoPro's objections concerning the doctrine of equivalents claims regarding the Odyssey and Abyss rigs." *360Heros, Inc. v. GoPro, Inc.*, No. CV 17-1302-MFK-CJB, 2022 WL 1746854, at *1 (D. Del. May 31, 2022).  Thus, only 360Heros's claim of infringement regarding the Omni rig

3

proceeded to trial, along with GoPro's claim of invalidity of the '019 patent.

**B.    Evidence at trial**

A jury trial was held from April 24 to April 28, 2023.  The jury found that the Omni rig did not infringe the asserted claims of the '019 patent and that the asserted claims of the '019 patent were invalid.

Both parties' post-trial motions focus on the Xperia 360-degree camera rig created by Joergen Geerds.  On a high level, GoPro contended at trial that Geerds's Xperia rig was prior art that invalidated the '019 patent.  In GoPro's opening statement, it contended that Geerds presented his Xperia rig and then published information from the presentation in June 2012, which is before the November 5, 2012 filing date of the '019 patent.  GoPro stated that "the patent examiner changed" the date of the reference "to March 3rd, 2013" and that " Kintner never told the Patent Office, even when he filed the application or at this point," about the true date of the reference.  Dkt. no. 374-1 at 168:6–11.

The evidence regarding this issue at trial was as follows.  Geerds testified that he created the Xperia rig in 2011.  In June 2012, he testified, he attended the International Virtual Reality Professionals Association (IVRPA) yearly conference.  At the conference, he gave a presentation on 360-degree video, during which he demonstrated the Xperia rig.  He testified that Kintner was present for that presentation.  Kintner also testified that he attended the presentation in June 2012 and recalled Geerds presenting the Xperia rig.  Geerds wrote a blog post summarizing the IVRPA conference later in June 2012.

In November 2012, Kintner filed a provisional application that led to the '019 patent.  Geerds described his interactions with Kintner as "difficult" and stated that he

had received a "cease and desist letter" in March 2013 from Kintner's lawyer.  Dkt. no. 365-3 at 558:13–15, 560:11–14.

Kintner testified that he did tell the U.S. Patent and Trademark Office (PTO) that he saw Geerds give his presentation during the 2012 IVRPA conference.  The record reflects, however, that a third-party submitted Geerds's blog post to the PTO on July 15, 2014.  The submission states that the blog post was published "June 21, 2012."  Dkt. no. 365-4 at 360H-00127.  The blog post submission was captured through the Wayback Machine, and the capture date at the top of the submission is March 3, 2013. *Id.* at 360H-00129.  The record reflects that when the examiner signed the submission form "indicat[ing] [that] all documents . . . ha[d] been considered" on November 12, 2014, a line was drawn through the publication date of Geerds's blog post, and the date "March 3, 2013" was typed above instead.  *Id.* at 360H-00119–360H-00120.

The record does not contain any information regarding why the examiner changed the date.  Kintner testified that he did not tell the PTO to change the date. Geerds testified that he did not know who made the change.  When Kintner was asked whether he ever told the PTO that the IVRPA conference took place in June 2012, not March 2013, he responded:  "I don't know.  There was a bunch of stuff that I submitted to the attorneys.  This [i.e., the third-party submission] was another document submitted by the attorneys."  Dkt. no. 367-1 at 313:4–6.  When asked again, Kintner responded: "No.  Again, I don't understand because I didn't submit this document.  This was handled by the attorneys, so I don't know—I don't know."  *Id.* at 313:18–20.

**Discussion**

**A.      360Heros's motion for a new trial**

360Heros moves for a new trial under Rules 59(a) and 60(b)(3).  Because "a motion for a new trial is a procedural issue not unique to patent law," regional circuit law applies—in this case, the Third Circuit.  *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1182 (Fed. Cir. 2002).

Under Rule 59(a), a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), "but it should do so only when the great weight of the evidence cuts against the verdict and a miscarriage of justice would result if the verdict were to stand," *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 163 (3d Cir. 2018) (alteration accepted) (citation and internal quotation marks omitted).

"Rule 60(b)(3) allows a district court to grant relief from a final judgment, order, or proceeding where there is fraud, misrepresentation, or misconduct by an opposing party."  *Ojo v. Warden Elizabeth Det. Ctr.*, No. 20-1816, 2022 WL 963999, at *2 (3d Cir. Mar. 30, 2022).  "To prevail on a Rule 60(b)(3) motion, the moving party must establish, by clear and convincing evidence, that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting her case."  *Gochin v. Thomas Jefferson Univ.*, 667 F. App'x 365, 367 (3d Cir. 2016) (citations omitted).  The Third Circuit "view[s] Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present."  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (internal quotation marks omitted).

360Heros first contends that a new trial is warranted because "the theme of GoPro's entire case" was that Kintner changed the publication date of Geerds's third-party submission to the PTO.  Pl.'s Mot. at 8.  360Heros argues that without this false accusation, "it is highly likely that the jury would have reached a different verdict" because "[t]he trial rested largely on the credibility of Mr. Kintner."  *Id.* at 9.

This contention lacks merit.  First, 360Heros is incorrect that GoPro's theme at trial was that Kintner changed the publication date of the third-party submission.  GoPro stated in its opening statement that "the evidence will show" that "*the patent examiner* changed that [publication] date to March 3rd, 2013."  Dkt. no. 374-1 at 168:2–8 (emphasis added).  Similarly, the portions of the closing argument that 360Heros points to do not imply that Kintner changed the date *himself*, but rather only that "the date was changed."  Pl.'s Mot. at 6–7 (quoting Dkt. no. 367-3 at 29:17–30:1, 31:20–32:3).[1] 360Heros does not contest that the June 21, 2012 date was in fact changed at some point to March 3, 2013.  Thus, 360Heros has not shown that GoPro's closing argument contained any misrepresentations.

The only remaining example of misconduct that 360Heros provides is GoPro's question during redirect examining of Geerds when it asked if he "recall[ed] that counsel tried to imply that the change might have come from somebody other than Mr. Kintner?"

---

[1] Even if the portions of GoPro's closing argument that 360Heros highlighted were improper, 360Heros's failure to object to it during trial also prevents it from raising it as grounds for a new trial.  *See Murray v. Fairbanks Morse*, 610 F.2d 149, 152 (3d Cir. 1979) ("Counsel's failure to object precludes him from seeking a new trial on the grounds of the impropriety of opposing counsel's closing remarks."); *Ghee v. Marten Transp., Ltd.*, 570 F. App'x 228, 231 (3d Cir. 2014) ("[T]he request for a new trial could not have rested on an objection that the defendants wholly failed to lodge.").

Dkt. no. 367-2 at 582:17–18.  At trial, the Court sustained 360Heros's contemporaneous objection, struck the question, and directed the jury to "disregard it."  *Id.* at 582:21–25.

Although 360Heros is correct that the question was improper, "an isolated improper remark will not support the grant of a new trial."  *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 208 (3d Cir. 1992).  Rather, to grant a new trial, "the improper assertions" must "have made it reasonably probable that the verdict was influenced by prejudicial statements."  *Id.* at 207 (internal quotation marks omitted).  "Often . . . a combination of improper remarks are required" to show "prejudicial impact."  *Id.*; *see also Vandenbraak v. Alfieri*, 209 F. App'x 185, 189 (3d Cir. 2006) ("[W]e have consistently held that the amount of alleged improprieties matters for determining whether it is reasonably probable that counsel's arguments are prejudicial.").  360Heros has not shown that it is reasonably probable that this one improper question was prejudicial.  360Heros also has not even attempted to argue that this question prevented it from fully and fairly presenting its case as required for relief under Rule 60(b)(3).

Moreover, "jury instructions can sufficiently negate any prejudice that might result from counsel's errant arguments to the jury."  *Vandenbraak*, 209 F. App'x at 190 (alterations accepted) (internal quotation marks omitted).  In this case, the Court immediately instructed the jury to "disregard" GoPro's question, dkt. no. 367-2 at 582:25, and had also previously instructed the jury that "statements, arguments, and questions by lawyers are not evidence," dkt. no. 374-1 at 113:17–18.  These jury instructions further lessen the likelihood that GoPro's question influenced the jury's verdict.  *See Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 230 (3d Cir. 2008)

(holding that counsel's comments, "while perhaps improper, w[ere] not so prejudicial as to deny [the plaintiff] a fair trial, particularly in light of the District Court's curative instruction and the isolated nature of counsel's remarks"); *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 148 (3d Cir. 2002) ("[B]ecause the District Court gave clear instructions promptly upon plaintiff's objection . . . , we assume that the jury followed these instructions and ignored the inappropriate remark."); *Pierce v. City of Philadelphia*, 811 F. App'x 142, 149 (3d Cir. 2020) ("Given the curative instruction, we do not believe that it was 'reasonably probable' that the jury was prejudiced by the comment.").

In sum, 360Heros is not entitled to a new trial on this basis.

360Heros briefly asserts another ground for a new trial, namely, that GoPro's expert witness, Dr. John Pratt, violated the Court's motion *in limine* rulings by mentioning that he was deposed in prior litigation. But 360Heros concedes that "such testimony may not be enough" for a new trial, Pl.'s Mot. at 9, and it does not mention this asserted ground in its reply brief.

In any event, the Court concludes that Dr. Pratt's testimony does not warrant a new trial. During 360Heros's cross-examination of Dr. Pratt, 360Heros asked Dr. Pratt "to confirm that [he] ha[d] been deposed in this case." Dkt. no. 367-2 at 675:25–676:1. Dr. Pratt stated in response: "I'm pretty sure I have, yeah. There's been the IVRPA case, the California trial," at which point the Court cut off his answer and instructed Dr. Pratt to only provide a "yes" or "no" answer. *Id.* at 676:2–8. 360Heros did not object at the time nor seek any limiting instruction. It has therefore forfeited the issue and cannot raise it for the first time in a motion for a new trial. *See Waldorf v. Shuta*, 142 F.3d 601,

629 (3d Cir. 1998) ("[I]t is clear that a party who fails to object to errors at trial waives the right to complain about them following trial.").  Even if the issue were not forfeited, 360Heros has not shown any prejudice from the testimony, which was interrupted and did not provide any context as to either "the IVRPA case" or "the California trial."  Dkt. no. 367-2 at 676:2–3.  360Heros's bare assertion that Dr. Pratt's answer "create[d] an unfair impression that there are other litigations the jury should consider," Pl.'s Mot. at 9, is insufficient to establish prejudice.

The Court therefore denies 360Heros's motion for a new trial.

**B.      GoPro's motion for attorney's fees**

GoPro moves for attorney's fees under 35 U.S.C. § 285.  Section 285 does not automatically entitle the prevailing party to an award of attorney's fees in a suit under the patent laws.  *See Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) ("The Court has cautioned that fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548 (2014))).  Rather, the statue permits the Court to award "reasonable attorney fees to the prevailing party" only "in exceptional cases."  35 U.S.C. § 285.  "[W]hether a case is exceptional under 35 U.S.C. § 285 . . . is a matter of Federal Circuit law."  *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004).

An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.  "District courts may determine whether a case is

'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* "In weighing the evidence, the district court may consider, among other factors, 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017) (alteration accepted) (quoting *Octane Fitness*, 572 U.S. at 554 n.6). "A party seeking fees under § 285 must prove" that the case is exceptional "by a preponderance of the evidence." *OneSubsea IP UK Ltd. v. FMC Techs., Inc.*, 68 F.4th 1285, 1294 (Fed. Cir. 2023).

GoPro contends that this case is exceptional for four reasons:  1) 360Heros's inequitable conduct, 2) 360Heros's concealment of its standing defect in GoPro's California suit, 3) 360Heros's forum shopping, and 4) 360Heros's weak infringement and damages theories.  The Court will address each contention in turn.

## 1.    Inequitable conduct

First, GoPro contends that this case is exceptional because Kintner engaged in inequitable conduct by intentionally concealing information about Geerds's Xperia rig from the PTO.  "[P]revailing on a claim of inequitable conduct often makes a case exceptional, although not necessarily so." *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 1367 (2022) (citations and internal quotation marks omitted).  "To prove inequitable conduct, the challenger must show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with

11

specific intent to mislead or deceive the PTO." *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1368 (Fed. Cir. 2023) (internal quotation marks omitted). "A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc).[2]

As a preliminary matter, 360Heros argues that because GoPro did not seek an adjudication of its theory of inequitable conduct, it should not be allowed "a second bite at the apple" through its motion for attorney's fees. Pl.'s Resp. Br. at 2. The Federal Circuit "ha[s] emphasized the wide latitude district courts have to *refuse* to add to the burdens of litigation by opening up issues that have not been litigated but are asserted as bases for a fee award." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019). GoPro contends that "a district court has jurisdiction to deem a case exceptional based on a finding of inequitable conduct even when it is moot as an affirmative defense." Def.'s Reply Br. at 2. Although this may be true, because GoPro "has taken the unusual tack of raising inequitable conduct in its attorney fee request even though it did not litigate that issue prior to the entry of judgment on the merits," the

---

[2] GoPro contends that "[b]ecause fees under § 285 are subject to a preponderance of the evidence standard . . . inequitable conduct findings may warrant a finding of exceptional case even when they do not rise to the level of intent needed to render a patent unenforceable." Def.'s Mot. at 3 (citing *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1275 (Fed. Cir. 2018)). But *Rembrandt* does not establish a lower evidentiary burden for intent. Rather, *Rembrandt* observes that "whether [the patentee] committed inequitable conduct" is "governed by *Therasense*" and that a lower standard applies to "[t]he second question" of whether that inequitable conduct makes the party's case exceptional. *In re Rembrandt*, 899 F.3d at 1275. Moreover, the Federal Circuit has subsequently reiterated in the § 285 context that both materiality and intent must be proven "by clear and convincing evidence." *United Cannabis*, 66 F.4th at 1368.

factual record is not well-developed on this issue.  *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1366 (Fed. Cir. 2004), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015).  "In light of the belated raising of th[e] issue, the district court [is] justified in not requiring a full trial on the issue of inequitable conduct as part of the attorney fee motion or in entering detailed findings of fact and conclusions of law on the issue . . . ."  *Id.* at 1366–67; *see also DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-CV-00338-WCB, 2015 WL 1284669, at *6 (E.D. Tex. Mar. 20, 2015) ("By delaying the presentation of its arguments on the inequitable conduct issue until the motion for attorney fees, Tyson has put the Court in the position that it is required to rule on this issue with only minimal briefing and no substantial evidentiary development.  Because the burden is on Tyson to show that this case is exceptional, the consequences of a thin record on this issue fall upon Tyson.").[3]

    The Court concludes that the factual record developed at trial[4] does not prove

---

[3] GoPro's bare assertion of inequitable conduct as an affirmative defense in its answer does not affect the Court's analysis because GoPro did not litigate its inequitable conduct claim either by moving for summary judgment or seeking a bench trial on the issue.  *See DietGoal Innovations*, 2015 WL 1284669, at *6 ("One of the factors affecting the Court's determination on this issue is that Tyson did not move for summary judgment of unenforceability or invalidity based on the "Body Fun" reference, despite Tyson's awareness of that reference and its awareness that the reference was not submitted to the PTO either in the original prosecution or in the reexamination.").  Because GoPro declined to do so and instead "resolved the litigation" on other grounds, the Court need not "fully develop and find all the facts that might show that this case should be declared exceptional" for inequitable conduct.  *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1316 (Fed. Cir. 2010).

[4] The Court declines to consider the exhibits attached to GoPro's motion for attorney's fees that it did not introduce at trial.  At least one of those exhibits was objected to by 360Heros, and by not offering the exhibit at trial, the Court did not have occasion to rule on those objections.  In any event, the timeline that GoPro attaches as an exhibit that was purportedly created by Kintner does not persuade the Court that deceptive intent is

the intent element of inequitable conduct by clear and convincing evidence.  As stated above, GoPro must prove that Kintner "acted with the specific intent to deceive the PTO."  *Therasense*, 649 F.3d at 1290.  "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference."  *Id.* (internal quotation marks omitted).  "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence."  *Id.* (internal quotation marks omitted).  The fact that Kintner was present at the IVRPA conference and therefore knew of Geerds's Xperia rig is not sufficient, without more, to prove intent.  *See id.* ("Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive.").

GoPro contends that Kintner's intent to deceive the PTO may be inferred from his inability to "give a straight answer" at trial regarding whether he had disclosed information about Geerds's Xperia rig to the PTO.  Def.'s Mot. at 9.  But Kintner testified that he *did* tell the PTO that he saw Geerds give a presentation about the Xperia rig during the 2012 IVRPA conference.  *See* Dkt. no. 367-1 at 314:1–4.  He testified that he

---

the only or best reasonable inference.  GoPro contends that the "timeline strongly suggests that he misled his own attorneys about the date of the presentation" because Kintner described the third-party submission as "present[ing] false documents on time frame of submission which was proved via WayBack Archive that this was incorrect." Def.'s Mot. at 6–7 (emphasis omitted) (quoting Ex. E).  But the timeline was prepared years after the IVRPA conference and may reflect what Kintner was told by his lawyers or the examiner about the third-party submission.  Kintner testified at trial that he told the PTO about the IVRPA conference and that the third-party submission "was handled by the attorneys."  Dkt. no. 367-1 at 313:18–20.  By declining to question Kintner about this timeline, GoPro has failed to provide necessary context to the document to persuade the Court that it calls for an inference of deceptive intent.

did not know whether he ever told the PTO that the IVRPA conference took place in 2012 rather than 2013 because the third-party submission "was handled by the attorneys." *Id.* at 313:18–20.  He further testified that he "told the Patent Office everything that [he] knew" and that he "submitted everything that [he] had or that [he] was aware of to [his] patent attorney." *Id.* at 313:24, 315:4–5.

The Court finds Kintner's testimony on these points credible on the whole.  A reasonable inference from his testimony is that he shared a high volume of information with the PTO, and the 2012 IVRPA presentation fell through the cracks at some point. Although Kintner testified that he told the PTO about the presentation, the record reflects that it was a third party that first provided this information to the PTO.  Although it is certainly possible that this is because Kintner was lying in his testimony and actually made a deliberate decision to withhold the 2012 IVRPA presentation, the evidence at trial does not establish that this is the "single most reasonable inference." *Therasense*, 649 F.3d at 1290.  And both parties agree that the examiner—not Kintner or at his direction—mistakenly recorded the publication date of the 2012 IVRPA presentation. The evidence at trial does not rule out the possibility that the nondisclosure of the Xperia rig and the correct date of the IVRPA presentation was the result of similar mistakes on either the part of the examiner or Kintner.  Even if Kintner were negligent and "should have known" the PTO had the wrong date as GoPro contends, Def.'s Reply Br. at 3 n.2 (emphasis omitted), that is insufficient to satisfy the intent element, *see Therasense*, 649 F.3d at 1290.

GoPro attempts to prove intent in two other ways.  First, GoPro points to Geerds's description of his interactions with Kintner as "difficult," dkt. no. 365-3 at

558:13–15, but GoPro does not explain why this establishes that Kintner intended to deceive the PTO.  Second, GoPro contends that "the fact that Mr. Kintner has been sanctioned in litigation against GoPro for fabricating evidence of intellectual property rights further supports the inference that Mr. Kintner knowingly deceived the Patent Office."  Def.'s Mot. at 9–10.  But GoPro does not cite any case for the proposition that litigation misconduct in other cases can support an inference of intent to deceive the PTO.  Without a clearer explanation of the connection, the Court declines to draw this inference.  *See Peerless Indus., Inc. v. Crimson AV, LLC*, No. 11 C 1768, 2018 WL 6178237, at *12 (N.D. Ill. Nov. 27, 2018) (declining "to infer deceptive intent from [ ] litigation conduct"), *aff'd*, 810 F. App'x 885 (Fed. Cir. 2020).

GoPro relies on *Apotex Inc. v. UCB, Inc.*, 763 F.3d 1354, 1361-62 (Fed. Cir. 2014), and *American Calcar, Inc. v. American Honda Motor Co.*, 768 F.3d 1185, 1189-91 (Fed. Cir. 2014), as support for the proposition that Kintner's "omission of its own accord constitutes inequitable conduct under the heightened *Therasense* standard." Def.'s Reply Br. at 3.  Both cases are inapposite.  In *Apotex*, the Federal Circuit affirmed that "deceptive intent [wa]s the single most reasonable inference that c[ould] be drawn from the evidence," where the patentee had "lied" in his patent application by describing experiments "that he never performed" and "by procuring and submitting the declaration of an expert who was deliberately shielded from the truth."  *Apotex*, 763 F.3d at 1362. In *American Calcar*, the Federal Circuit affirmed an inequitable conduct finding where the patentee's selective disclosure of a prior art reference "demonstrate[d] a deliberative process, not an accident or mistake."  *Am. Calcar*, 768 F.3d at 1191 (internal quotation marks omitted).  In this case, GoPro has not shown that Kintner engaged in any similar

16

conduct that could rule out the possibility of mere negligence.[5]

In sum, the Court finds that GoPro has not proven that Kintner had the specific intent to deceive the PTO by clear and convincing evidence.[6]  GoPro has therefore not established that Kintner engaged in inequitable conduct.

### 2. Concealed standing defect

Next, GoPro contends that this case is exceptional because 360Heros "conceal[ed] standing defects" in GoPro's suit in the Northern District of California. Def.'s Mot. at 10.  "[U]nder *Octane Fitness*, the district court must consider whether the case was litigated in an unreasonable manner as part of its exceptional case determination . . . ."  *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1349 (Fed. Cir. 2015).

Initially, it is worth noting that this asserted basis for an exceptionality finding did not occur in this case, but rather in the California suit.  The California court would therefore be in a much better position to evaluate whether 360Heros's conduct was "deceptive" and "wasteful" as GoPro contends.  Def.'s Reply Br. at 6; *see Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*, No. 14-CV-1451-RGA, 2020 WL 1955433, at *3 n.6 (D. Del. Apr. 23, 2020) ("[A]ssuming that Defendants believe the conduct in New Jersey is bad faith abusive litigation, . . . the place to bring that up is the Court in New Jersey.").  "[A]

---

[5] GoPro contends that "Mr. Kintner's patent attorney, Peter Bilinski, falsely represented to the Patent Office that Mr. Kintner's invention predated the presentation."  Def.'s Mot. at 7 (citing Ex. F at 360H-00094–00095).  But this representation occurred *after* the examiner had already recorded the date of the third-party submission as March 2013.  It is therefore unclear whether the source of the misunderstanding was Kintner or the examiner.

[6] Because this element is not satisfied, the Court need not address the materiality element.  *See Am. Calcar*, 768 F.3d at 1189 ("Intent and materiality must be separately established.").

pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys.*, 793 F.3d at 1350; *see also Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1183 (Fed. Cir. 2018) ("In considering the 'totality of the circumstances' in a § 285 motion, a party's similar conduct in other litigation is also relevant." (quoting *Octane Fitness*, 572 U.S. at 554)).  But GoPro does not contend that 360Heros's conduct in the California suit was part of any larger pattern of similar litigation misconduct.

In any event, the Court concludes from its review of 360Heros's standing contention in the California suit that it does not render this case exceptional.  Although the California court held that 360Heros did not have standing, "a strong or even correct litigating position is not the standard by which we assess exceptionality." *Stone Basket*, 892 F.3d at 1180.  Nothing in the California court's opinion suggests that it found 360Heros's contentions to be a "baseless attempt to sustain the patent lawsuit" or that 360Heros had engaged in "willful concealment," as GoPro contends.  Def.'s Reply Br. at 6.

GoPro relies on *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018), for the proposition that 360Heros's litigation conduct regarding its standing makes this case exceptional.  In *Raniere*, the party lacking standing "promised repeatedly that he could produce evidence that would cure the standing defect," but the promised evidence "never materialized." *Raniere*, 887 F.3d at 1301–02.  The district court found that he "offer[ed] inconsistent theories and arguments" that "culminat[ed] in

his untruthful testimony at the hearing on the motion to dismiss." *Id.* 360Heros's standing arguments, though ultimately unsuccessful, do not exhibit a similar "pattern of obfuscation and bad faith." *Id.* at 1308.[7]

### 3. Forum shopping

GoPro contends that 360Heros engaged in forum shopping by filing the present suit in Delaware to avoid the California court's adverse rulings. GoPro identifies several adverse rulings by the California court, namely, its exclusion of the Omni rig, granting GoPro's motion for sanctions in the form of an adverse inference instruction at trial, and dicta in its summary judgment opinion that "based on the information currently in the record, it appears to the Court that GoPro's rigs do not infringe the patent-in-suit." Dkt. no. 225-1, Ex. 15 at 12. GoPro argues that forum shopping "readily support[s] a finding of an exceptional case." Def.'s Mot. at 12 (citing *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1379 (Fed. Cir. 2022)).

Judge Burke and Judge Stark have already addressed GoPro's contention that 360Heros engaged in forum shopping when they denied GoPro's motion seeking to transfer this suit to the Northern District of California. *See 360Heros*, 2019 WL 4316296, at *1; Dkt. no. 61 at 8. In Judge Burke's opinion, he explained that 360Heros had several "legitimate and understandable" reasons for filing suit in Delaware. Dkt. no. 61 at 8. He therefore declined "to assume bad faith" and rejected the characterization

---

[7] In its reply brief, GoPro argues that 360Heros failed to produce relevant documents during discovery and made various misrepresentations in the California suit. But "[a]rguments raised for the first time before a district court in a reply brief are deemed forfeited." *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023). Even if the argument were not forfeited, the California court's summary judgment opinion does not indicate that it found any of 360Heros's conduct related to its standing contentions improper.

19

of 360Heros's decision as "a naked attempt to avoid an unfavorable ruling from the transferee court." *Id.* at 10. Judge Burke noted that 360Heros "had already expressed its desire to litigate the patent-in-suit in this Court" by filing this suit *before* the California court made its adverse rulings. *Id.* 360Heros filed this suit in September 2017; the California court did not issue its summary judgment decision until November 2017 and did not grant GoPro's motion for sanctions until March 2018. Moreover, as Judge Burke noted, the California court's summary judgment decision was not necessarily adverse, as the court stated that "it would have been beneficial to have a more developed record and, therefore, the Court would have granted 360Heros' Rule 56(d) motion to allow additional discovery on this issue." Dkt. no. 225-1, Ex. 15 at 12.

The only adverse ruling from the California court that preceded this suit was its denial of 360Heros's motion for leave to amend its infringement contentions to include the Omni rig in April 2017. *See GoPro*, 2017 WL 1278756, at *3. But Judge Burke addressed this as well in his opinion on GoPro's motion to transfer. He noted that GoPro "has not demonstrated to the Court that there was anything legally defective about [360Heros]'s decision to file infringement claims regarding the Omni product in this Court in September 2017." Dkt. no. 61 at 11 n.5. This was again upheld by Judge Stark, who concluded that filing "the Delaware action over the Omni rig alone . . . was within [360Heros's] right and for seemingly legitimate reasons." *360Heros*, 2019 WL 4316296, at *2.

GoPro now contends that 360Heros's decision "was in fact legally defective" under *Xiaohua Huang v. MediaTek USA, Inc.*, 815 F. App'x 521, 525 (Fed. Cir. 2020) and *Arendi S.A.R.L. v. LG Electronics Inc.*, 47 F.4th 1380, 1386 (Fed. Cir. 2022). Def.'s

Reply Br. at 7 n.7.  Neither case addresses forum shopping.  In *Xiaohua*, the Federal Circuit simply affirmed the district court's decision to strike infringement contentions that were not compliant with the Patent Local Rules.  *See Xiaohua*, 815 F. App'x at 525.  In *Arendi*, where the district court had stricken the plaintiff's infringement contentions in one suit, the Federal Circuit affirmed the same court's dismissal of a second suit filed by the same plaintiff asserting infringement against the same product under the duplicative-litigation doctrine.  *See Arendi*, 47 F.4th at 1385–86.

Thus, even if GoPro is correct that under these cases, "had the case stayed in the Northern District of California, 360Heros could not have asserted infringement against the Omni rig," Def.'s Reply Br. at 7, neither case addresses the legitimacy of a plaintiff's decision to file suit in a different venue.  Rather, as stated above, Judge Burke identified several reasons why 360Heros legitimately preferred to litigate in Delaware unrelated to the Omni rig.  GoPro does not cite any case suggesting that 360Heros's decision to file suit in Delaware was legally defective because of the dismissal of the Omni rig infringement contention in GoPro's chosen forum.

Moreover, as it relates to whether 360Heros's conduct in this case "stands out from others," *Octane Fitness*, 572 U.S. at 554, Judge Burke noted that "the California Court does not appear to have viewed the filing of the instant suit (regarding the Omni product) to have been a wrongful end-run around its prior decisions."  Dkt. no. 61 at 11 n.5.  During oral argument on GoPro's motion for summary judgment in the California suit, GoPro informed the California court about this suit involving the Omni rig.  The California court responded that "Delaware is a wonderful, capable venue.  So I don't think you should shy away from Delaware in any respect.'"  Dkt. no. 35-3 at 16:21–23.

This suggests that the California court, in addition to Judge Burke and Judge Stark, did not consider 360Heros's decision to file suit in Delaware to be unreasonable.  The Court similarly concludes that 360Heros's conduct does not make this case exceptional.

*Realtime* does not dictate the contrary result.  In *Realtime*, the plaintiff initially filed its infringement suit in the District of Delaware.  *See Realtime*, 41 F.4th at 1375.  When the defendant moved to transfer the case to the Northern District of California, the plaintiff opposed the motion, arguing "that it lacked any ties to California and that moving the case to California would 'lead to greater expense, additional travel, and more work for Realtime.'"  *Id.* at 1376.  After the Delaware court denied the motion to transfer and the magistrate judge issued a report and recommendation that several of the plaintiff's patent claims were ineligible under § 101, the plaintiff voluntarily dismissed the Delaware suit and refiled its case in the Central District of California.  *See id.*  When the defendant then moved to transfer the California suit to Delaware, the plaintiff contradicted itself *again* by opposing the motion on the grounds that California was a more convenient forum than Delaware.  *See id.* at 1377.  The Federal Circuit concluded that "[t]he blatant gamesmanship presented by the facts of this case constitutes a willful action for an improper purpose, tantamount to bad faith, and therefore within the bounds of activities sanctionable under a court's inherent power."  *Id.* at 1379–80.  The facts of *Realtime* bear no resemblance to this case.  As Judge Burke found, 360Heros's decision to file suit in Delaware was not motivated by bad faith, and 360Heros's litigating position did not contain similar "contradictions to support a finding of 'impermissible forum shopping.'"  *Id.* at 1379.

4.       **Infringement and damages theories**

Lastly, GoPro contends that 360Heros's infringement and damages theories were exceptionally weak.  "Under *Octane*, a district court may consider 'the substantive strength of a party's litigating position' when determining if the case 'stands out from others.'"  *Stone Basket*, 892 F.3d at 1178 (quoting *Octane Fitness*, 572 U.S. at 554).  As noted above, "[a] party's position on issues of law ultimately need not be correct for them to not stand out, or be found reasonable." *Id.* at 1180 (alteration accepted) (internal quotation marks omitted).  Rather, "under § 285, a party's position [must] be 'objectively unreasonable,' rather than merely 'weak,' for an award of attorney fees." *Sarif Biomedical LLC v. Brainlab, Inc.*, 725 F. App'x 996, 1000 (Fed. Cir. 2018).

Regarding infringement, GoPro contends that "360Heros's infringement theory for the Abyss rig was exceptionally weak because it knowingly maintained an infringement position that it expressly disclaimed before the Patent Office in the IPR." Def.'s Mot. at 12.  Although GoPro prevailed on this point at summary judgment, this was one of several infringement theories contested at summary judgment.  360Heros contended that three products—the Omni, Abyss, and Odyssey rigs—infringed its '019 patent both literally and under the doctrine of equivalents.  The only infringement theory that GoPro specifically identifies as exceptionally weak relates to literal infringement of the latching feature limitation by the Abyss rig.

An award of fees requires "a finding of an exceptional case—not a finding of an exceptional portion of a case." *Intell. Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019).  GoPro's attempt to "focus[] on whether one discrete portion of" 360Heros's infringement contentions stands out from other cases "is not the

appropriate analysis." *Id.* at 1383.  Rather, the Court "must determine whether the conduct, isolated or otherwise, is such that when considered as part of and along with the totality of circumstances, the case is exceptional." *Id.* at 1384.  The Court need not rehash all of 360Heros's infringement theories here, especially given that GoPro has declined to discuss them in its briefs.  *See SFA Sys.*, 793 F.3d at 1348 ("Where, as here, a party's motion for fees does no more than refer the court back to its previous rulings, the district court has no obligation to reconsider or re-explain its prior rulings.").  It suffices to state that 360Heros's literal infringement theory for the Abyss rig, when considered as part of the totality of the circumstances, does not make the substantive strength of 360Heros's litigating position stand out among other cases.  Indeed, some of 360Heros's infringement theories proceeded to trial.  *See Checkpoint*, 858 F.3d at 1376 ("Absent misrepresentation to the court, a party is entitled to rely on a court's denial of summary judgment . . . as an indication that the party's claims were objectively reasonable and suitable for resolution at trial.") (internal quotation marks omitted).

In short, 360Heros's patent infringement theories were not so weak as to make this case exceptional.[8]

Finally, GoPro argues that 360Heros's damages theories were exceptionally

---

[8] In GoPro's reply brief, it asserts that 360Heros's response, by reasserting its argument that there could not have been prosecution disclaimer because the IPR proceeding was void, "further establishes that this case is exceptional" because 360Heros is "continu[ing] to push frivolous arguments after the district court had definitively rejected them."  Def.'s Reply Br. at 9 (quoting *Pirri v. Cheek*, 851 F. App'x 183, 188 (Fed. Cir. 2021)).  But, as GoPro acknowledges, 360Heros did not object to Judge Burke's report and recommendation on this ground.  Thus, the Court never had occasion to "definitively reject[]" this argument.  *Pirri*, 851 F. App'x at 188.  The Court therefore overrules GoPro's contention on this basis and need not resolve whether 360Heros's argument is frivolous as GoPro contends.

weak.  The Court disagrees.  360Heros's damages theories were not at any point in the case objectively unreasonable such that the entire case stands out as exceptional.  Rather, 360Heros's damages theories were properly and reasonably adjusted throughout the duration of the case in response to the Court's rulings.  Although the Court excluded 360Heros's damages expert from testifying at trial, GoPro does not cite any authority for the proposition that this makes a case exceptional.  *See OneSubsea*, 68 F.4th at 1297 ("There was no abuse of discretion in the district court's finding that [the plaintiff]'s reliance on inadmissible evidence failed to make this case exceptional.").  As the Court has explained in its prior rulings and at trial, 360Heros could, despite lacking a damages expert, present damages calculations in its closing argument based on the evidence presented at trial.  This is precisely what 360Heros did.

GoPro does not dispute that the Court permitted 360Heros to introduce evidence at trial in support of its request for damages.  Instead, GoPro argues that 360Heros's damages case based on the evidence at trial should not have exceeded $175,000.  But it does not explain why 360Heros's request at trial for $544,130.45 in damages was objectively unreasonable.  Def.'s Reply Br. at 10.  Rather, GoPro asserts that "[e]ven now, 360Heros declines to provide any factual basis for its damages theory."  *Id.*  But the burden is on GoPro as the "party seeking fees" to "prove that the case is exceptional by a preponderance of the evidence."  *Energy Heating*, 15 F.4th at 1382.  GoPro has not done so here.  And even if 360Heros's damages calculation were weakly supported, GoPro has not shown that this made the entire case exceptional.  *See ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1371, 1374 (Fed. Cir. 2019) (affirming the district court's finding that even though "there were 'perhaps shortcomings' in" the

plaintiff's lost profits theory, it "did not 'amount to a showing that [the plaintiff's] behavior was exceptional, amounting to the type of unreasonableness discussed in *Octane*.'") (alteration accepted).

GoPro relies on *Finjan, Inc. v. Juniper Network Inc.*, No. C 17-05659 WHA, 2021 WL 75735, at *2 (N.D. Cal. Jan. 9, 2021), to contend that 360Heros's damages theory "rendered the case exceptional." Def.'s Mot. at 17. But in *Finjan*, the court awarded the defendant judgment as a matter of law on damages after hearing the evidence because the plaintiff "utterly failed" to present "to the jury a facts-only damages case." *Finjan*, 2021 WL 75735, at *1–2. As noted above, the Court permitted 360Heros to make its damages case in its closing argument based on the evidence offered at trial. Thus, 360Heros's damages theory in this case was not similarly "woefully inadequate" and does not render the entire case exceptional. *Id.* at *2.

In sum, "considering the totality of the circumstances," the Court concludes that 360Heros's patent infringement case does not "stand out[] from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Because GoPro has not proven by the preponderance of the evidence that this case was exceptional, the Court denies its motion for attorney's fees.[9] The Court therefore need not resolve whether the specific

---

[9] GoPro briefly asserts that it seeks attorney's fees under "the Court's inherent power." Def.'s Mot. at 1. But GoPro has forfeited any argument for sanctions under the Court's inherent power by not arguing the point. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . , but not squarely argued, are considered waived."). In any event, the Court declines to use its inherent authority to assess fees for the same reasons it declines to award attorney's fees under section 285. *See Medtronic Navigation, Inc. v. BrainLAB Medizinische*

amount of fees GoPro requested is reasonable.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for a new trial and relief from judgment [dkt. no. 366] and defendant's motion for attorney's fees [dkt. no. 368].  The Court also grants the motion to withdraw filed by counsel for 360Heros [dkt. no. 359], conditioned upon counsel advising 360Heros in writing of the present ruling and certifying on the docket that they have done so.  The Clerk is directed to terminate all remaining motions.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   August 3, 2023

_____

*Computersysteme GmbH*, 603 F.3d 943, 966 (Fed. Cir. 2010) ("[A] case must be sufficiently beyond 'exceptional' within the meaning of section 285 to justify a sanction under the court's inherent power.") (alteration accepted) (internal quotation marks omitted).